## FEDERAL TRADE COMMISSION v. NON-PLATE ENGRAVING CO., Inc.
### No. 253.

Circuit Court of Appeals, Second Circuit.
May 4, 1931.

Robt. E. Healy, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, Federal Trade Commission, and Richard P. Whiteley, all of Washington, D. C., for petitioner.

Franklin & Hicks, of New York City (George Seagrave Franklin, of New York City, of counsel), for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The petition below established before the Federal Trade Commission a violation of section 5 of the Federal Trade Commission Act (38 Stat. 717, 719, 15 U. S. C. § 45 [15 USCA § 45]) in the use of the words "non-plate" engraving, and advertising its product as "non-plate engraving," "engraved effects," and "non-plate engraved," when its products were not engraved but were printed by a special process. The order entered directed it to "cease and desist from using the word 'engraving' or 'engraved' in its corporate name, business signs, or advertising matter used in the offering for sale or sale of stationery in interstate commerce, upon which the words, letters, figures, and designs have not been produced from metal plates, into which such words, letters, and designs have been cut." On this record, the order is amply supported by the evidence, and was lawfully granted. Sea Island Thread Co., Inc., v. Fed. Trade Comm., 22 F.(2d) 1019 (C. C. A. 2); Fed. Trade Comm. v. Winstead Hosiery Co., 258 U. S. 483, 42 S. Ct. 384, 66 L. Ed. 729.

The petitioner is entitled to and may enter an order of enforcement directing the respondent to comply with the order to cease and desist.

Order granted.