ELECTRO THERMAL CO. v. FEDERAL TRADE COMMISSIONER.

No. 8333.

Circuit Court of Appeals, Ninth Circuit.

July 19, 1937.

Daniel Dougherty, of Los Angeles, Cal., for petitioner.

W. T. Kelly, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, Daniel Murphy, Morton Nesmith, and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is a petition by Electro Thermal Company to set aside an order of the Federal Trade Commission requiring the petitioner to cease and desist from certain unfair methods of competition in commerce.

The Commission brought proceedings under the Act of September 26, 1914 (38 Stat. 719, § 5), 15 U.S.C.A. § 45, which gives it power to institute a hearing when it has reason to believe that any person, corporation, etc., is using an unfair method of competition in commerce and that a proceeding would be in the public interest. If the hearing develops facts in accordance with the belief, a cease and desist order may issue.

Electro Thermal Company was cited by the Commission to show cause why an order should not be entered against the use by the company of certain alleged false advertising claims to promote the sale of a device termed Thermal-Aid, the device being manufactured for use in connection with disorders of the prostate gland.

The hearing was had and the Commission made findings of fact substantially in accordance with the complaint, to this effect:

That the petitioner is a corporation of Ohio, engaged in the interstate sale and offering for sale of a device designated "Thermalaid," consisting of a hard rubber unit designed to be inserted in the rectum for the application of heat to the prostate gland and adjacent tissues. It is activated through electricity derived from ordinary electric current or from a battery supply where no electricity is available.

That, "In the course and conduct of its business, the respondent is, and has been, in competition with other individuals, corporations and associations engaged in offering for sale and selling in commerce between and among the different States of the United States various therapeutic devices and appliances designed and intended for the treatment of the prostate gland."

That certain advertising claims issued by the respondent (petitioner here) in connection with its product were false and misleading, e. g.: "the prostate gland slows down in men past middle age and, if unchecked, will swell until surgery is needed"; "if you have a mild case, you may surprise yourself with new joy of living, new energy and enhanced power to do. If you have a fretful, serious, nagging case, by all means waste not one minute in getting Thermalaid"; "Another point worthy of emphasis is the effect of an operation on sexual strength. When you lose your prostate gland you bid goodbye forever to a vital part of the procreative system. In a very real sense the saying is true that a man is no longer a man when his prostate is gone."

It was specifically found that the unfair practices tended to divert trade to respondent, injuring its competitors.

Fake claims were also found to have been made as to the therapeutic effect of the devices on constipation and piles.

The Commission made no complaint of the "Thermalaid" device itself, the unfair practices being confined to advertising. The evidence shows and the Commission found that the use of the device had some salutary effect.

A cease and desist order, based upon the findings, was entered.

The Electro Thermal Company then filed in this court a petition for review of the order and prayed to have it set aside. It is not urged that the Commission erred in finding that the practices enjoined were unfair methods. It is contended, however, that there is no evidence to support the finding that competition existed between the company and others.

■ The statute provides that "the findings of the commission as to facts, if supported by testimony, shall be conclusive." 15 U.S.C.A. § 45. "The weight to be given to the facts and circumstances admitted as well as the inferences reasonably to be drawn from them is for the Commission."

Fed. Trade Comm. v. Pacific States Paper Trade Ass'n, 273 U.S. 52, 63, 47 S.Ct. 255, 258, 71 L.Ed. 534.

■ The finding of competition in the present case must be supported, if it is supported, solely upon testimony and stipulations relative to two devices used for the same general purposes as the Thermalaid. The first is before the Commission by stipulation. It is stipulated that:

"The Williams Institute, Inc., is a corporation organized, existing and doing business under and by virtue of the laws of the State of California, with the principal place of business at 1648 Idlewood Road, Glendale, California, and has been such for the past nine years. It is engaged in the sale of a device known as 'The Simplex Prostate and Rectal Normalizer', which device is used in the treatment of prostatic troubles, by means of heat applied through the rectum. It was first placed on the market approximately six years ago, and is sold and shipped principally to doctors and practitioners, but in some cases to the laity, in states other than the State of California."

There is in evidence an advertisement for the Simplex Prostate and Rectal Normalizer claiming that the device "Relaxes tight muscles, calms frayed nerves and offers both a tonic and a sedative effect. A natural way to help prevent a hardened prostate. Indicated in rectal and prostate conditions where better circulation is essential. Of great value in obstinate, chronic constipation. Helpful in many cases of piles."

This stipulation and exhibit warrant an inference that the Simplex device is in competition with the Thermalaid.

The second alleged competitive device, shown by undisputed evidence, is the "Prosager," produced by the Midwest Products Company, of Michigan, and shipped in interstate commerce. The device is applied to the tissues near the prostate by way of the rectum, and, by means of air pressure, massages those tissues. It is advertised and sold for treatment of the same ailments as those for which Thermalaid is supposed to be efficacious. Wallace D. Smith, the manufacturer of the Prosager, testified, over objection, that his company was in competition with Thermalaid.

The question on this branch of the case is whether there is sufficient evidence to warrant the commission's finding of com-

petition. Petitioner relies on Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587, 75 L.Ed. 1324, 79 A.L.R. 1191, where the commission cited the Raladam Company for unfair competitive practices in vending and advertising an alleged obesity cure, representing it to be harmless and effective when in fact it was harmful. The Supreme Court held that the commission was without jurisdiction because it was not shown that the unfair methods were methods of competition:

"It is obvious that the word 'competition' imports the existence of present or potential competitors, and the unfair methods must be such as injuriously affect or tend thus to affect the business of these competitors—that is to say, the trader whose methods are assailed as unfair must have present or potential rivals in trade whose business will be, or is likely to be, lessened or otherwise injured." 283 U.S. 643, 649, 51 S.Ct. 587, 590, 75 L.Ed. 1324, 79 A.L.R. 1191.

"Findings of the Commission justify the conclusion that the advertisements naturally would tend to increase the business of respondent; but there is neither finding nor evidence from which the conclusion legitimately can be drawn that these advertisements substantially injured, or tended thus to injure, the business of any competitor or of competitors generally, whether legitimate or not. None of the supposed competitors appeared or was called upon to show what, if any, effect the misleading advertisements had, or were likely to have, upon his business." 283 U.S. 643, 652, 51 S.Ct. 587, 591, 75 L.Ed. 1324, 79 A.L.R. 1191.

In this case there are definitely identified parties manufacturing and selling in interstate commerce a device adapted to the same purposes as is the petitioner's. The manner of their competition—how one may divert trade from another—is obvious. There is sufficient evidence to warrant a finding that competition exists.

■ What the record lacks is any direct evidence to the effect that petitioner's misleading advertising claims diverted any business from its competitors. This, however, is not required by the decision in the Raladam Case, and would in many cases be impossible to prove. It would seem to be sufficient to show actual or potential competition and unfair trade practices which reasonably tend to give the perpetrator an advantage in such competition. That much certainly was shown here.

■ The petitioner asserts error in that the Commission's examiner refused to allow reasonable latitude in the cross-examination of Wallace D. Smith to show that the "Prosager" alleged competitive device, was not a legitimate article of commerce. The questions excluded were whether Mr. Smith had "ever had any controversy or difficulty with the Federal Trade Commission?" and whether he had "ever been called before the Federal Trade Commission in connection with the selling" of the Prosager. The examiner sustained objections because the questions were not definite enough as to time and because that was not a proper way to show whether the article was a legitimate article of commerce.

The examiner's action seems correct. The question should have been more definite. A difficulty with or a "calling before" the Commission in themselves mean nothing.

■ The petitioner complains that the Commission did not sufficiently inquire into the question of whether the alleged competitive devices were legitimate articles of commerce, and in failing to find that they were not legitimate.

There is no merit in this objection. In the first place, it was for the petitioner to show, if it desired it shown, that the competing devices were not legitimate. In the second place, the evidence affirmatively shows that both the petitioner's "Thermalaid" and the two devices found to be in competition with it are all legitimate articles of commerce, used by doctors and laymen for salutary purposes. Petitioner seems to lose sight of the fact that the Commission has never complained of its instrument but only of certain false and misleading advertising issued in connection with it.

This sufficiently answers the last claim of error, that: " * * * a method of competition affecting only outlaws of commerce, engaged in fraudulent or criminal activities, is not within the jurisdiction of the Commission."

Therefore, the petition to set aside should be denied.

■ In its brief (and not otherwise) the Commission asks for a decree of affirmance and enforcement of its cease and desist order. Petitioner moves to strike the "cross-petition" because it is not properly before us. Petitioner alleges that before a decree of enforcement can be granted,

it must appear that the recipient of the cease and desist order has disregarded it.

"If such person, partnership, or corporation fails or neglects to obey such order * * * the commission may apply to the circuit court of appeals of the United States * * * for the enforcement of its order. * * * Upon such filing of the application and transcript the court * * * shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to make and enter * * * a decree affirming, modifying, or setting aside the order of the commission. * * *

"Any party required by such order of the commission to cease and desist * * * may obtain a review of such order in said circuit court of appeals. * * * Upon the filing of the transcript the court shall have the same jurisdiction to affirm, set aside, or modify the order of the commission as in the case of an application by the commission for the enforcement of its order." 15 U.S.C.A. § 45.

It would seem, in view of the statute, that the Commission's informal prayer for affirmation of the Commission's order is properly here. It appears that the court is vested with plenary jurisdiction no matter which party brings the cause before it. The same language as to the court's jurisdiction is used in one case as in the other.

The order of the Commission is affirmed.