FEDERAL TRADE COMMISSION *v.* GOODYEAR
TIRE & RUBBER CO.

No. 756.    Argued April 25, 1938.—Decided May 16, 1938.

·Mr. *Hugh B. Cox,* with whom *Solicitor General Jack-son, Assistant Attorney General Arnold,* and *Messrs. Robert L. Stern, W. T. Kelley,* and *Pgad B. Morehouse* were on the brief, for petitioner.

*Messrs. William B. Cockley* and *Grover Higgins* were on a brief for respondent.

. PER CURIAM.

In September, 1933, the Federal Trade Commission charged respondent, The Goodyear Tire & Rubber Company, with the violation of § 2 of the Clayton Act (15 U. S. C. 13) in selling tires, tubes, etc. to Sears, Roebuck & Company at discriminatory prices.  Respondent, invok-

ing the first proviso in § 2,[1] contended that its contracts with Sears, Roebuck & Company for sales involving lower net prices than those charged to independent dealers were made because of the great difference in the quantities sold. After hearing, the Commission ruled that it did not consider a difference in price to be on account of quantity unless it was based on a difference in cost and was reasonably related to and approximately no more than that difference. In March, 1936, the Commission issued an order requiring respondent to desist from discriminations in prices as described.

Pending the hearing in the Circuit Court of Appeals of respondent's petition for review, the Congress amended § 2 of the Clayton Act. Act of June 19, 1936, c. 592, 49 Stat. 1526. The first proviso was amended to read as follows:

"*Provided,* That nothing herein contained shall prevent differentials which make only due allowance for differences in the cost of manufacture, sale, or delivery, resulting from the differing methods or quantities in which such commodities are to such purchasers sold or delivered: . . ."

Thereupon, respondent informed the Circuit Court of Appeals that in view of this provision respondent had ceased to manufacture tires for Sears, Roebuck & Company under the terms of its existing contract; that, to dispose of the stock on hand, the parties had made a new price arrangement designed to conform to the new law; and that within the year all transactions between re-

---

[1] That proviso, in the original Act, was as follows:

"*Provided,* That nothing herein contained shall prevent discrimination in price between purchasers of commodities on account of differences in the grade, quality, or quantity of the commodities sold, or that makes only due allowance for difference in the cost of selling or transportation, or discrimination in price in the same or different communities made in good faith to meet competition; . . ."

spondent and Sears, Roebuck & Company ceased and obligations were terminated by mutual releases. 92 F. 2d 677, 679.

Considering that there was no controversy between the parties as to the illegal character of respondent's practices under the amended Act, the Circuit Court of Appeals concluded that the case had become moot. In that view the court set aside the order of the Commission and remanded the case "but without direction to the Commission to dismiss the complaint and without prejudice to its filing a supplemental complaint in the original proceeding if under § 2 of the amendatory act this may now be done" as to which the court expressed no opinion. *Id.,* p. 681.

Both the Commission and the respondent contended below, and contend here, that the case has not become moot. While they disagree in their reasoning, they come to the same conclusion upon this point, and both ask that the case be remanded to the Circuit Court of Appeals with directions to determine it upon the merits. We think that their conclusion is correct and that the remand should be made.

Section 11 of the Clayton Act (15 U. S. C. 21) provides that whenever the Commission has reason to believe that any person is violating or has violated the provisions of the Act, and upon hearing so finds, the Commission shall issue an order requiring such person to cease and desist from such violations. In case of failure to obey its order, the Commission may apply to the Circuit Court of Appeals for enforcement. And anyone required to cease and desist from a violation charged .may seek review in the Circuit Court of Appeals, praying that the order be set aside. The provisions of the Act of June 19, 1936, show clearly that the orders of the Commission entered before its passage are to remain in effect. Section 2 of that Act provides that nothing therein contained shall "affect

rights of action arising, or litigation pending, or orders of the Federal Trade Commission issued and in effect or pending on review, based on section 2 of said Act of October 15, 1914, prior to the effective date of this amendatory Act."

Discontinuance of the practice which the Commission found to constitute a violation of the Act did not render the controversy moot. *United States* v. *Trans-Missouri Freight Assn.,* 166 U. S. 290, 309, 310; *Southern Pacific Co.* v. *Interstate Commerce Commission,* 219 U. S. 433, 452; *Southern Pacific Terminal Co.* v. *Interstate Commerce Commission,* 219 U. S. 498, 514–516; *National Labor Relations Board* v. *Pennsylvania Greyhound Lines,* 303 U. S. 261; *Guarantee Veterinary Co.* v. *Federal Trade Commission,* 285 F. 853, 859, 860; *Chamber of Commerce* v. *Federal Trade Commission,* 13 F. 2d 673, 686, 687. The Commission, reciting its findings and the conclusion that respondent had violated the Act, required respondent to cease and desist from the particular discriminations which the order described. That is a continuing order. Its efficacy, if valid, was not affected by the subsequent passage or the provisions of the amendatory Act. As a continuing order, the Commission may take proceedings for its enforcement if it is disobeyed. But under the statute respondent was entitled to seek review of the order and to have it set aside if found to be invalid. The question which both parties sought to have the Circuit Court of Appeals decide was whether respondent's conduct was a violation of the original statute. Upon the conclusion that it was such a violation, the Commission based its order. Neither the transactions subsequent to that order nor the passage of the amendatory Act deprived the respondent of its right to challenge the order and to have its validity determined, or the Commission of its right to have its order maintained if validly made.

The decree of the Circuit Court of Appeals is reversed and the cause is remanded to that court for a determination of the merits.

*Reversed.*

·MR. JUSTICE STONE, MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration and decision of this case.