**FLEMING, Administrator of Wage and Hour Division, U. S. Department of Labor, v. MASON & DIXON LINES, Inc.**

No. 115.

District Court, E. D. Tennessee, N. E. D., at Greeneville.

Nov. 25, 1941.

Charles H. Livengood, Jr., Regional Atty., Wage and Hour Division, U. S. Department of Labor, of Nashville, Tenn., for plaintiff.

Phillips & Hale, of Rogersville, Tenn., for defendant.

TAYLOR, Judge.

The questions presented by defendant's motion and relied upon primarily in argument, the defendant not waiving for the record any question presented by the motion, are (1) that plaintiff is not entitled to injunctive relief because the complaint makes no specific or any allegation as to contemplated or prospective violations, and (2) the right of defendant to more specific or detailed information as to the facts relied upon by plaintiff as basis for its allegations that the defendant has violated the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

As to the first ground of the motion the complaint alleges that from October, 1938, to and through October, 1939, the defendant repeatedly paid some of its employees wages less than the statutory minimum then in effect, and that thereafter it did the same repeatedly, and by so doing

has and is violating specified provisions of the Act. Substantially the same allegations are found with respect to violations of the overtime provisions of the Act. And it is alleged that by such repeated failures to pay the prescribed overtime wages, the defendant has and is violating the Act. These "have and is" charges, of course, bring all of the alleged violations up to the date of the filing of the first pleading, and the violations are alleged to have been "repeated" from the first date alleged, more than two years as to some of them.

Under the overwhelming weight of authority the motion is at least premature for the reason that the facts alleged may constitute a basis for injunctive relief, depending upon the evidence introduced at the hearing. Facts may be established thereby which would clearly give the court the power to grant injunctive relief against prospective violations, and the plaintiff a right to such relief, even if it might be made also to appear that there had been a cessation of the violations prior to the trial. The principle involved is discussed in Federal Trade Comm. v. Goodyear Tire & Rubber Co., 304 U.S. 257, 58 S.Ct. 863, 82 L.Ed. 1326. To the same effect see Fleming v. Cincinnati Terminal Co., 6 Cir., 117 F.2d 1012; Southern Pacific Terminal Co. v. Interstate Commerce Commission, 219 U.S. 498, at page 514, et seq., 31 S.Ct. 279, 55 L.Ed. 310.

Since the principle dealt with in the cited cases above is applicable to the case at bar, it seems entirely clear that this branch of the motion must be overruled.

The second branch or ground of the motion is to require more specific allegations to enable defendant to plead and prepare for trial. To grant this motion would in effect be to require the plaintiff to amend its original pleading so as to violate Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That part of Rule 12(e) permitting the defendant to move within twenty days after service of a pleading for further and more definite statements or for bill of particulars to enable him to properly prepare his responsive pleading or to prepare for trial has now by construction and practical application been taken as though it did not contain the phrase "or to prepare for trial". The pleading here before the court strictly complies with the requirements of Rule 8. Succinctly the charge is that the defendant has paid less repeatedly than the minimum required by the statute, both as to the basic minimum wage and as to overtime. The statute and regulations prescribe the wages to be paid in both instances. The defendant knows what it has paid and to whom and for what period of labor. It is in position to deny or admit these charges. Denial will form the issue. After the answer is filed, as it can be if the defendant desires to know specifically what evidence plaintiff expects to introduce to support its claims, it may take proper steps to ascertain it. The court is convinced from the cases examined that Rule 12 is not intended to enable a defendant to require plaintiff to disclose matters of evidence beyond those necessary to enable defendant to know what the specific charge is. Here it is plain, the failure to pay employees the minimum wage and overtime required by law. Defendant is not now entitled to have the name of each employee so underpaid, when and in what amount. This illustrates the situation before the court and the questions presented by the motion.

The motion will be overruled.