## BENTON ANNOUNCEMENTS, Inc., v. FEDERAL TRADE COMMISSION.

### No. 195.

Circuit Court of Appeals, Second Circuit.
July 6, 1942.

Carlton A. Fisher, of Buffalo, N. Y., and John A. Bresnahan, of Washington, D. C., for petitioner.

James T. Welch, W. T. Kelley, Chief Counsel, Federal Trade Commission, Martin A. Morrison, Asst. Chief Counsel, Merle P. Lyon, and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

This is a petition to review an order of the Federal Trade Commission which directed the petitioner to "cease and desist" from using the words "engraved," "engraving," or "engravers" to describe their stationery or the process by which they make it. That process is to engrave a metal plate in the usual way, but not to ink it; next to print the text or design upon the paper with ordinary type; finally to press the printed paper upon the surface of the plate hard enough to "bump up," or emboss, it where it touches the engraved text or design on the plate. To do this obviously requires absolutely perfect registry of the printing with the engraved design, and this the petitioner secures by a method not generally known. The process is much cheaper than ordinary engraving, which the Commission described in the following finding. "The word 'engraving' * * * may be applied either to an engraved intaglio plate * * * or to the impressions made from such a plate. Such plates are cut or incised * * * in all cases * * * below the surface of the plate. To make impressions from such a plate, the ink is applied to the plate, then the plate is wiped so that the ink remains only in the lines cut below the surface. The inked plate is then put upon a piece of stationery * * * to be engraved, and pressure is applied sufficient to force the surface of the stationery into the lines cut in the plate, causing the ink in such lines to adhere to the paper * * *". So far there is no dispute; the critical finding was as follows: "The words 'engraving' and 'engraved,' when used in connection with * * * business and social stationery, mean * * * that the stationery products * * * described contain * * * designs which * * * are the result of the application, under pressure, of metal plates which have been specially engraved * * * and are used in the production of such stationery by the process more particularly described in the foregoing paragraph."

As to this finding the testimony was in conflict; but the Commission produced witnesses familiar with the craft who swore that to the ordinary buyer the word "engraved," which the petitioner used to describe its stationery, meant the older process. The petitioner does not assert that these witnesses did not give any support to the finding; it merely says they were not reliable because they disagreed among themselves, because the Commission should have accepted the more dependable testimony of the petitioner's own witnesses; and because in any event the meaning of the word must be determined by recourse to dictionaries. It is too well settled to require the citation of authority that the Commission's decision on conflict-

ing evidence is final. As for dictionaries, words mean what people understand them to mean, and dictionaries are only one source; persons whose business carries them among the buyers of a product are certainly qualified sources of information as to the buyers' understanding of the words they hear and use.

█ It is true that few, if any, but experts in the craft can distinguish between "engraving" as the Commission has defined it and the petitioner's stationery; nevertheless, people like to get what they think they are getting, and courts have steadfastly refused in this class of cases to demand justification for their preferences. Shoddy and petty motives may control those preferences; but if the buyers wish to be snobs, the law will protect them in their snobbery. "* * * the public is entitled to get what it chooses, though the choice may be dictated by caprice or by fashion or perhaps by ignorance." Federal Trade Commission v. Algoma Lumber Co., 291 U.S. 67, 78, 54 S.Ct. 315, 320, 78 L.Ed. 655; Fioret Sales Co. v. Federal Trade Commission, 2 Cir., 100 F.2d 358. The case at bar is in substance nearly the same as that which we decided in Federal Trade Commission v. Non-Plate Engraving Co., Inc., 2 Cir., 49 F.2d 766.

Order affirmed.

Joseph K. Guerin and Myers & Guerin, both of New York City, for appellant.

H. S. Ogden, of New York City, and Alexander & Green, of New York City, for appellee Oneida Valley Nat. Bank.

Alexander H. Katz, of Brooklyn, N. Y., for Rose Holtzer.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.