428

**PHILIP R. PARK, Inc., v. FEDERAL TRADE COMMISSION.**

**No. 9907.**

Circuit Court of Appeals, Ninth Circuit.
June 29, 1943.
Rehearing Denied July 26, 1943.

Daniel Dougherty, of Los Angeles, Cal., for petitioner.

W. T. Kelley, Chief Counsel, Federal Trade Commission, and Joseph J. Smith, Jr., Asst. Chief Counsel, both of Washington, D.C., for respondent.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Here for review is an order of the Federal Trade Commission "that [petitioner], Philip R. Park, Inc., a corporation, its officers, representatives, agents and employees, directly or through any corporate or other device, in connection with the offering for sale, sale or distribution of their products 'Granular Parkelp' or 'Parkelp Tablets,' [1] or any other product of substantially similar composition or possessing substantially similar properties, whether sold under the same name or any other name, do forthwith cease and desist from directly or indirectly:

"1. Disseminating or causing to be disseminated any advertisement by means of the United States mails or by any other means in commerce as 'commerce' is defined in the Federal Trade Commission Act [2] (15 U.S.C.A. §§ 41–58), which advertisement represents, directly or through inference:

"(a) That [petitioner's] preparation[3] has any therapeutic value in excess of that afforded by the iodine content thereof;

---

[1] "Parkelp" is the trade name of a dehydrated kelp product sold in powdered form and in tablets. The powder is called Granular Parkelp. The tablets are called Parkelp Tablets.

[2] Section 4 of the Act, 15 U.S.C.A. § 44, defines "commerce" as "commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Colum-
bia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation."

[3] Parkelp (Granular Parkelp or Parkelp Tablets) or any other product of substantially similar composition or possessing substantially similar properties.

429

"(b) That [petitioner's] preparation contains iron, copper, calcium, phosphorus, sodium, potassium, magnesium, sulphur or other minerals in quantities sufficient to have therapeutic value in the treatment or prevention of diseases or conditions resulting from a deficiency in such minerals, or that it will build resistance to mineral deficiency diseases or furnish food minerals other than iodine in quantities sufficient to be of value in combating mineral deficiency diseases;

"(c) That [petitioner's] preparation contains minerals which are not present in land foods, or that the average diet is deficient in the minerals necessary for proper functioning and health of the human body."

The order was issued in a proceeding by the Commission against petitioner under § 5(b) of the Federal Trade Commission Act, 15 U.S.C.A. § 45(b), and was based on findings to the effect that petitioner was engaged in the business of selling and distributing Parkelp (Granular Parkelp and Parkelp Tablets) in commerce;[4] that petitioner was in competition with other corporations and with individuals, firms and partnerships engaged in the sale and distribution of like or similar products in commerce; that, in the course and conduct of its business, petitioner disseminated false advertisements by United States mails and by other means in commerce for the purpose of inducing, and which were likely to induce, directly or indirectly, the purchase of Parkelp; that said advertisements contained the representations set forth in paragraphs (a), (b) and (c) of the order; that said representations were false, misleading and deceptive; that by said advertisements trade had been diverted to petitioner from its competitors; and that the dissemination of said advertisements constituted an unfair method of competition in commerce and an unfair and deceptive act or practice in commerce.[5] The findings are supported by evidence and hence are conclusive.[6]

As required by our rules,[7] petitioner filed with the clerk a statement of the points on which it intended to rely on this review. The points stated were:

"1. The findings of fact made by the Federal Trade Commission are not sustained by substantial evidence.

"2. The findings, as made, are contrary to the evidence.

"3. The findings omit material facts established by the evidence.

"4. Material facts established by the evidence, not found by the Commission, require findings of fact on which a dismissal of the Commission's complaint should have been ordered."

Petitioner has not argued these points, but has argued the following points instead:

"(a) That no properly qualified expert was produced by the Commission on whose opinion condemnation of petitioner's advertising should be made.

"(b) That evidence of advertising used in 1936, and prior thereto * * * is not evidence of advertising used in 1940 (hearing date),[8] or of advertising to be used in 1941 (order date),[9] especially since the law defining a false advertisement[10] did not become effective until March 21, 1938.

"(c) That the evidence introduced by the Commission as to radio advertising * * * violates the best evidence rule (acetate transcriptions are the best evidence) and what evidence was introduced shows that radio advertising was discontinued nearly two and one-half years prior to the filing of the complaint, four years prior to the hearing, and five years prior to the order."

■ There is nothing in any of the points stated or argued. The findings are supported by substantial evidence, are not contrary to the evidence and do not omit material facts established by the evidence. The evidence did not establish facts requiring a dismissal of the complaint. The Commission produced two properly qualified experts—Dr. Lewis T. Bullock and Dr.

---

4 See footnote 2.

5 Federal Trade Commission Act, §§ 5 (a), 12, 15, 15 U.S.C.A. §§ 45(a), 52, 55.

6 Federal Trade Commission Act, § 5 (c), 15 U.S.C.A. § 45(c).

7 See Rule 19(6) of our rules governing appeals and Rule 5 of our rules governing petitions for review.

8 The hearing was commenced on June

3, 1940, and concluded on September 11, 1940.

9 The order was issued on June 30, 1941.

10 Act of March 21, 1938, c. 49, 52 Stat. 111–117, amending §§ 1, 4 and 5 of the Federal Trade Commission Act and adding §§ 12–18 to the Act, 15 U.S.C.A. §§ 41, 44, 45, 52–58. This proceeding was commenced on June 9, 1939.

Ewart S. Miller. Evidence of advertising used in 1936 was admissible on the issue of unfair methods of competition. Cf. Federal Trade Commission v. Raladam Co., 316 U.S. 149, 62 S.Ct. 966, 86 L.Ed. 1336; Electro Thermal Co. v. Federal Trade Commission, 9 Cir., 91 F.2d 477; Alberty v. Federal Trade Commission, 9 Cir., 118 F.2d 669. Whether or not it was admissible on the issue of unfair or deceptive acts or practices need not be considered. The testimony concerning radio advertising was received without objection and was clearly admissible. That such advertising was discontinued before the hearing is immaterial. Federal Trade Commission v. Goodyear Tire & Rubber Co., 304 U.S. 257, 260, 58 S.Ct. 863, 82 L.Ed. 1326; Juvenile Shoe Co. v. Federal Trade Commission, 9 Cir., 289 F. 57, 59, 60.

Order affirmed.