## SEGAL v. FEDERAL TRADE COMMISSION.
### No. 152.

Circuit Court of Appeals, Second Circuit.

March 21, 1944.

James W. Bevans, of New York City, for petitioner.

Allen C. Phelps, W. T. Kelley, Chief Counsel, and Joseph J. Smith, Jr., Asst. Chief Counsel, all of Washington, D. C., for Federal Trade Commission.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The Commission found that "a substantial portion of the purchasing public" assume that goods not marked as of foreign origin have been "produced in whole or in major part" at home, and that buyers have "a substantial preference" for home made goods. The petitioner imports the lenses for cheap spectacles and "sun-glasses" from Japan, and cuts, edges, bevels, bores and fits them into their frames. He sells them without any mark to show their origin; indeed, in the process of preparing and inserting them, the original labels indicating their origin, which they bear at their importation, disappear. If it is true that a substantial number of buyers suppose that unmarked goods are home made goods, and have a preference for such goods, the sale of unmarked foreign goods is a misrepresentation, which the Commission was authorized to stop. Incidentally, any hostility to goods of Japanese origin is likely to have increased since the war, and is likely to continue for some time after the peace.

Hence the outcome turns, as it so generally does, upon whether there was "substantial" evidence to support the Commission's finding. It is true that a part of the testimony was obviously biased, coming as it did from a witness whose sole occupation appears to have been to suppress the importation of any foreign goods whatever. Even so, if the Commission wished to rely upon such testimony, we may not intervene, whatever might be our own indisposition to accept what he said. But there was also testimony from apparently disinterested sources which sustained the finding. One witness was, for example, a buyer for the Woolworth stores, who testified that in his opinion American buyers had become accustomed to the marking of foreign goods, and assumed that goods were made at home when they carried no foreign mark. It is of course true, as the petitioner argues, that there comes a point where marking becomes impossible; the identity of a foreign made ingredient may be so lost in manufacture that any marking would be positively misleading, unless indeed it was so qualified as to be ineffective. That is not the case with lenses used in spectacles; the frame is merely the carrier of the lens, which is the only element of importance,

and which does not lose its identity either in appearance or in function.

The Commission also seeks to support its order as an enforcement of § 304 of the Tariff Act of 1930, § 1304, Title 19 U.S. C.A. We need not consider whether the petitioner is within that section; it is enough that the Commission found him positively to mislead some buyers. That plainly brings the case within its powers, regardless of how far these permit it to forbid other practices which are not unlawful at common law. Federal Trade Commission v. R. F. Keppel & Brother Inc., 291 U.S. 304, 310–314, 54 S.Ct. 423, 78 L.Ed. 814.

Order affirmed.