## HILLMAN PERIODICALS, Inc. v. FEDERAL TRADE COMMISSION.
No. 131, Docket 21034.

United States Court of Appeals
Second Circuit.
April 25, 1949.

Joseph Schultz and Henry E. Schultz, both of New York City (Joseph E. Ginn, of New York City, of counsel), for petitioners.

James W. Cassedy, Asst. General Counsel, John W. Carter, Jr., Sp. Atty., for Federal Trade Commission, W. T. Kelley, General Counsel and Walter B. Wooden, Associate General Counsel, all of Washington, D.C., for respondent.

Before CHASE, CLARK and FRANK, Circuit Judges.

## PER CURIAM.

After due notice and hearing, the Federal Trade Commission ordered the petitioners, who publish and distribute magazines and books in interstate commerce, to cease and desist from certain practices in regard to reprints. A substantial part of the business of petitioners consists in reprinting and distributing in small paper covered books so-called western, detective and thriller stories.

The order in its negative aspects required them to refrain, in connection with the distribution of reprints from which substantial part of the original text had been deleted, from representing in any manner that they were "unabridged" or "complete and unabridged" or "full length novel" or any other term of similar import to designate or describe them.

In its affirmative aspects the order required the petitioners to put the word "abridged" on the front cover and title page of such reprints "in immediate connection with the title and in clear, conspicuous type." If the reprint had an additional wrapper or cover bearing the title the word "abridged" was to be placed on that in a like way. All advertising of such reprints was required to indicate clearly that they were abridged "unless the title of each and every reprint so advertised be immediately accompanied in equally conspicuous type by the word abridged." Whenever a new title was used in place of the original it was required that "such substitute title be immediately accompanied, in equally conspicuous type, by the title under which such story was originally published."

The Commission made findings on adequate evidence which establish the facts for us. Benton Announcements v. Federal Trade Commission, 2 Cir., 130 F.2d 254. These facts show that the petitioners have violated Sec. 5(a) of the Federal Trade Commission Act, 52 Stat. 111, 15 U.S.C.A. § 45(a). See Federal Trade Commission v. Standard Education Society, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141.

Though they have discontinued their unlawful practices in part, that did not deprive the Commission of power to make such order as it determined necessary to prevent their revival. Federal Trade Commission v. Goodyear Tire & Rubber Co., 304 U.S. 257, 58 S.Ct. 863, 82 L.Ed. 1326; National Silver Co. v. Federal Trade Commission, 2 Cir., 88 F.2d 425; Educators Association v. Federal Trade Commission, 2 Cir., 108 F.2d 470. What order is necessary to enforce the statute fairly and adequately, after findings of particular violations have been made, is a matter as to which the judgment of the Commission is controlling unless its discretion has been clearly abused. Herzfeld v. Federal Trade Commission, 2 Cir., 140 F.2d 207. No abuse has been shown.

Order affirmed.