## CONSOLIDATED ROYAL CHEMICAL CORP. v. FEDERAL TRADE COMMISSION.

### No. 10297.

United States Court of Appeals
Seventh Circuit.
Oct. 22, 1951.

John A. Nash, Chicago, Ill., Harlan W. Kelley, Baraboo, Wis., for petitioner.

W. T. Kelley, Gen. Counsel, James W. Cassedy, Asst. Gen. Counsel, J. B. Truly, Atty., Federal Trade Commission, Washington, D. C., for respondent.

Before KERNER, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The petitioner herein, Consolidated Royal Chemical Corporation, is engaged in manufacturing and selling in interstate commerce a medical preparation known as "New Peruna" or "New Peruna Tonic." The Federal Trade Commission, hereinafter referred to as the "Commission," on September 21, 1950, under authority of the Federal Trade Commission Act, 15 U.S.C. A. § 41 et seq., hereinafter referred to as the "Act," ordered the petitioner to cease and desist from disseminating any advertisement that would represent directly or by implication:

"a. that said preparation will build resistance to a cold, prevent a cold, shorten the duration of a cold; or have any therapeutic value in the treatment of a cold;

"b. that said preparation will have any therapeutic value in relieving the symptoms or discomforts of a cold in excess of its expectorant qualities, which tend in a slight degree to increase the exudate from the mucous membranes, thereby making it more liquid and more easily removed by coughing;

"c. that said preparation will assist in building up strength, energy, or vigor, except and to the extent that its use may (1) increase the appetite and thereby tend to increase the consumption of food, and (2) by supplying some iron, aid in a slight de-

gree to correct iron deficiency, if taken over a long period of time."

The matter was tried before a trial examiner appointed by the Commission. From the cease and desist order later issued by the Commission this appeal was prosecuted. The cease and desist order was made on the finding that such prohibited advertising was false and likely to induce the purchase of said preparation in interstate commerce.

The petitioner attacked the validity of the cease and desist order contending that the findings and order of the Commission (1), were made in disregard of the provisions of the Federal Administrative Procedure Act and of due process of law; (2), were not supported by sufficient evidence; (3), constituted a determination of moot issues; (4), were not sufficiently definite to enable the petitioner to comply therewith; and (5), were discriminatory, contrary to precedent and unwarranted.

Petitioner's chief complaint as to the procedure followed by the Commission was based on the Commission's refusal to grant petitioner's motion that the complaint be withdrawn and held in abeyance, and the case be returned to the Commission itself for its "determination as to whether it may not be disposed of on a satisfactory showing of compliance with the stipulations" which petitioner and its predecessor corporation had theretofore filed with the Commission.

The stipulations referred to were written stipulations filed with and approved by the Commission, the first filed by the petitioner's predecessor corporation in 1934 and the second filed by the petitioner in 1944. The stipulation filed in 1934 recited that the Commission had then ordered a complaint issued against the petitioner's predecessor corporation charging it with using certain "exaggerated and misleading" advertising as therein described; that the predecessor corporation would discontinue the use of the advertising therein described; and that if it should ever resume such advertising or indulge in any practices violative of the provisions of the agreement the stipulation, as to the facts, might be used in evidence against the company "in the

trial of the complaint which the Commission may issue"; and that it was tendered to the Commission for its consideration and approval and "upon its acceptance is to be entered of record for the purpose of terminating the proceedings against the respondent now pending before the Commission * * *."

The 1944 stipulation recited that the Commission, pursuant to additional investigation, then had reason to believe that the petitioner had been and was using unfair and deceptive acts and practices in commerce in violation of the Federal Trade Commission Act, 15 U.S.C.A. § 45(c); that the petitioner was willing to discontinue said acts and practices and the Commission was willing to accept this agreement "without prejudice to its right to issue a complaint and institute formal proceedings against" the petitioner. The stipulation then described the false advertising that the petitioner had been doing, advertising that was similar to that described in the 1934 stipulation, and provided that if the petitioner again resorted to such practices the stipulation might be used against it.

These stipulations show that on two former occasions the petitioner and its predecessor corporation, both owned and operated by the same persons, had been permitted to come before the Commission, admit that they had been guilty of false advertising and quietly agree to refrain from such practices. There is certainly nothing in law which requires the Commission to continue to accept confessions and promises to refrain in the future rather than to issue a complaint for the purpose of securing an enforceable order to cease and desist from such unfair practices.

The Act, 15 U.S.C.A. § 45(a), declares deceptive acts or practices in commerce unlawful. 15 U.S.C.A. § 52 declares that dissemination of false advertisement in commerce for the purpose of inducing purchase of drugs shall be unlawful and shall constitute "unfair or deceptive acts or practices in commerce" under Sec. 45 of 15 U.S.C.A. Section 45(a) then empowers and directs the Commission "to prevent persons, partnerships, or corporations * * * from using unfair methods of competition in

commerce and unfair or deceptive acts or practices in commerce." The Act, 15 U.S. C.A. § 45(b), provides further that whenever the Commission shall have reason to believe that such unfair or deceptive acts or practices have been or are being used and "it shall appear to the Commission that a proceeding by it in respect thereof would be to the interest of the public," it shall issue a complaint which shall state the charges, fix the time (at least 30 days after notice) and the place of the hearing. The same section of the Act provides that the accused shall have the right to appear and show cause why a cease and desist order should not be entered. It is also provided that the accused shall have a right to appeal to the United States Court of Appeals from such an order. This section of the Act also gives the accused the right to apply to the United States Court of Appeals for leave to adduce additional evidence and the court may order additional evidence taken before the Commission. The provisions of the Act and the Rules of Practice adopted by the Commission, 15 U.S.C.A. post § 45, set up the procedure for giving the accused a fair trial and for the protection of the rights of the accused. Here there was no intimation by the petitioner that the trial examiner who conducted the proceedings was prejudiced.

In this case the petitioner failed to take advantage of the many safeguards against the possibility of an unfair trial which the Rules of Practice of the Commission provide. Petitioner objects to the action of the trial examiner in excluding certain evidence, yet no appeal as to such rulings was taken to the Commission as provided for in Rule 20, 15 U.S.C.A. following section 45. The petitioner filed no proposed findings and conclusions pursuant to Rule 21, although the record shows that the trial examiner expressly invited the filing of such proposed findings and conclusions. The record shows no attempt by the petitioner to have the trial examiner reopen the case for the acceptance of further evidence under the provisions of Rule 22 nor any attempt by the petitioner to secure an order of the court for the taking of further evidence. Nor did petitioner file any exceptions to the trial examiner's recommended decision under Rule 23 of the Commission's Rules of Practice. Throughout this proceeding the petitioner was represented by competent counsel—the same counsel who represented the petitioner before this court.

The petitioner cannot contend that it was not given sufficient time for any step considered necessary for its protection. The hearings on the complaint were commenced in Chicago on January 5, 1948. Additional hearings were held in February in Washington, D. C. and in Baltimore, Maryland. Thereafter hearings were held for three days in Columbus, Ohio, and again on June 7th and 8th in Chicago and they were concluded on June 30, 1948, in Washington, D. C. Prior to the close of the hearing the trial examiner stated that either party wishing to secure further hearings should promptly contact him. On November 30, 1948, the proceedings before the trial examiner were formally closed. On December 16, 1948, the trial examiner filed and served on the parties his findings, conclusions and recommended decision. The findings, conclusions and order of the Commission were not issued until September 21, 1950, almost two years later. In view of the manner in which the hearings were held, the petitioner cannot now be heard to say that it was not given every opportunity to present its case fully. Nothing in these proceedings even suggests a failure to accord to the petitioner due process.

■ Petitioner also contends that the findings and order of the Commission are "arbitrary and capricious" because they are "not based upon substantial and material evidence." On this point the petitioner relies chiefly on Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. In the instant case the evidence was given by many lay and expert witnesses. The evidence was conflicting as to the possible effect of the petitioner's preparation. The trial examiner and the Commission both found the evidence sufficient to sustain the findings and order. The Act, 15 U.S.C.A. § 45(c), states that "The findings of the Commission as to the facts, if supported by evidence, shall be conclusive." While the rule

900

laid down in the Universal Camera case requires us, in reviewing the action of an agency, to examine and consider the record as a whole, we are not required to substitute our view for the view of the Commission when the Commission was confronted by two possible reasonable findings. In the Universal Camera case the court said 340 U.S. at page 490, 71 S.Ct. at page 466: "The Board's findings are entitled to respect; but they must nonetheless be set aside when the record before a Court of Appeals *clearly* precludes the Board's decision from being justified by a fair estimate of the worth of the testimony of witnesses or its informed judgment on matters within its special competence or both." (Our emphasis.)

In the *instant case* we certainly cannot say from an examination of the whole record that the decision of the Commission was *clearly* wrong. Instead we think it was right. In such a case the choice and decision of the Commission is binding on this court.

The petitioner's contention that the findings and order of the Commission are invalid, because they were based on the decision of moot questions which could not properly be considered by the Commission, is also untenable. The petitioner argues that part of the prohibited advertising had been discontinued and had never been used since the 1944 stipulation was filed and approved but an examination of the petitioner's recent advertising casts considerable doubt on this contention. However, even if this contention were true, the Act, 15 U.S.C.A. § 45(b), expressly gives the Commission the right to file a complaint where the accused *"has been* or is" using false advertising. (Our emphasis.) The Supreme Court has also recognized the propriety of courts enforcing agency's orders even after the conduct complained of has ceased. In National Labor Relations Board v. Mexia Textile Mills, Inc., 339 U.S. 563, at page 567, 70 S.Ct. 826, at page 828, 94 L.Ed. 1067, the Supreme Court said: "We

think it plain from the cases that the employer's compliance with an order of the Board does not render the cause moot, depriving the Board of its opportunity to secure enforcement from an appropriate court. * * * A Board order imposes a continuing obligation; and the Board is entitled to have the resumption of the unfair practice barred by an enforcement decree." See also Galter v. Federal Trade Commission, 7 Cir., 186 F.2d 810, 813 and Federal Trade Commission v. Goodyear Tire & Rubber Co., 304 U.S. 257, 58 S.Ct. 863, 82 L.Ed. 1326.

The petitioner's contention that the order of the Commission is invalid as being so vague as to make understanding and compliance impossible, is also without merit. This complaint is addressed to paragraphs b. and c. which prohibit advertising which would indicate that the preparation would do more than "aid in a slight degree." The prohibitions containing this phrase seem quite clear and were based on expert testimony. If the preparation will only aid *in a slight degree,* the petitioner's advertising was properly limited to such a claim. While this may considerably hamper the style of petitioner's advertising department, that is the fault of petitioner's preparation and not of the Commission's order.

Finally, petitioner contends that paragraph 1. c(2) of the Commission's order "is out of harmony with its own prior holdings and therefore discriminatory." This is based on the fact that in two earlier cases, involving other products and respondents, the Commission's cease and desist order had been differently worded. The choice of words and the phrasing of an order are within the discretion of the Commission. The fact, if it were a fact, that the Commission had issued an insufficient order in a former case could not excuse it for failing to meet the requirements of the Act in the present case.

We are of the opinion that the cease and desist order of the Commission in this case was valid and its enforcement is ordered.