**MARY MUFFET, Inc., et al. v. FEDERAL TRADE COMMISSION.**

No. 68, Docket 21976.

United States Court of Appeals Second Circuit.

Argued Jan. 15, 1952.

Decided Feb. 7, 1952.

Charles Sonnenreich, New York City, for petitioners.

Alan B. Hobbes, Atty., Federal Trade Commission, of Washington, D. C. (W. T. Kelley, Gen. Counsel, and James W. Cassedy, Asst. Gen. Counsel, Federal Trade Commission, both of Washington, D. C., on the brief), for respondent.

Before AUGUSTUS N. HAND and CLARK, Circuit Judges, and BRENNAN, District Judge.

PER CURIAM.

On substantial evidence the Commission found that ladies purchasing dresses preferred silk and were not able or found it difficult to distinguish rayon therefrom. This justified the Commission in finding the public interest involved to prevent the resulting misleading possible in the sale of dress goods and in ordering petitioners, manufacturers of women's clothing, to label their rayon products as rayon, thus preventing distributors from exercising a deception of which the petitioners themselves were not guilty. L. Heller & Son v. Federal Trade Comm., 7 Cir., 191 F.2d 954; Hillman Periodicals v. Federal Trade Comm., 2 Cir., 174 F.2d 122; Segal v. Federal Trade Comm., 2 Cir., 142 F.2d 255. Specific statutory requirements for the labeling of wool products, 15 U.S.C.A. §§ 68–68j, or affirmative disclosure in the advertising of foods, drugs, curative devices, and cosmetics, 15 U.S.C.A. §§ 52, 55(a), do not tie the hands of the Commission from acting in the public interest in all other cases. Fresh Grown Preserve Corp. v. Federal Trade Comm., 2 Cir., 125 F.2d 917, 919.

Among the witnesses for the Commission was an expert from the Rayon Division of the Rayon Department of E. I. duPont de Nemours & Company, Inc. In addition to describing the manufacture of rayon he testified to the difficulties, particularly of nontechnicians, in distinguishing it from silk, and illustrated his point by producing numerous samples of each which were introduced in evidence and used in the examination of later witnesses. Petitioners object that, since these exhibits were not their products, they and the evidence concerning them could not be used to prove the Commission's case. In the interest of a more clear-cut record, the Commission might well have had this technician, who appears to have been thoroughly qualified, specifically identify petitioners' rayon with the rayon fabrics he was discussing. But he testified as to the qualities of rayon yarns generally and showed their natural characteristics without limitation to specific named or otherwise described brands. Nor did petitioners offer any evidence to show

that there was something unique about their products. As a matter of fact they had admitted in their answer that in the manufacture of wearing apparel they had used rayon "which has many characteristics in its texture and appearance which are similar to silk." Against this background we think that if petitioners' rayon products had peculiar qualities it was up to them to disclose the facts, and under the circumstances they were not harmed by the Commission's findings against them. Mammoth Oil Co. v. United States, 275 U.S. 13, 52, 48 S.Ct. 1, 72 L.Ed. 137; Armstrong v. Belding Bros. & Co., 2 Cir., 297 F. 728, 730, certiorari denied Belding Bros. & Co. v. Armstrong, 265 U.S. 585, 44 S.Ct. 459, 68 L.Ed. 1192. An enforcement order must therefore issue.

Order affirmed; enforcement granted.