## NATIONAL LABOR RELATIONS BOARD v. GERLING FURNITURE MFG. CO., Inc.

### No. 6899.

Circuit Court of Appeals, Seventh Circuit.
March 21, 1939.

Charles Fahy, Gen. Counsel, National Labor Relations Board, of Washington, D. C., for petitioner.

Wilbur F. Pell, of Shelbyville, Ind., for respondent.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

The National Labor Relations Board applies for a consent order from this court enforcing its order heretofore entered against respondent. In support of its application it introduces a stipulation signed by respondent containing the following provision:

"The respondent consents to the entry by any United States Circuit Court of Appeals of a decree enforcing an order of the National Labor Relations Board in the above form and waives its right to contest any application by the National Labor Relations Board for the entry of such decree; and further waives any and all requirements of notice of the filing of such application by the National Labor Relations Board before any United States Circuit Court of Appeals."

The order conforms to that contained in the stipulation. Respondent, however, objects to the entry of a consent decree because it says that it is obeying the order of the Board and there is no occasion for the entry of any order at this time. Moreover, it says that it objected to the inclusion of this paragraph of the stipulation at the time negotiations were had between it and the Board, and was told that the Board would not sign a stipulation which did not contain this provision, and that the only purpose in including it was that if this employer failed or refused to obey the order made by the Board, it could then file its petition with the Circuit Court of Appeals to compel it to obey, and under the provision complained of, it would not have to comply with the procedure of having notice issued in accordance with the statute, and delay would be avoided.

In view of the scope of the stipulation signed by respondent it is in no position now to object to the entry of the order, regardless of its reason for signing it. It cannot go outside the provisions of the stipulation to show reasons for not following its express terms. Moreover, it appears that the Board would be entitled to an enforcement order even though there was no violation of its order. The statute provides that the Board shall have power to petition the Circuit Court of Appeals for the enforcement of its order, without requiring as a condition to such application that it show a violation of the order. An analogy is to be found in the statute relating to unfair trade practices which authorizes the Federal Trade Commission to proceed against persons engaging in such practices, and to issue cease and desist orders against them, and "If such person * * * fails or neglects to obey such order of the commission while the same is in effect, the commission may apply to the circuit court of appeals * * * for the enforcement of its order * * *." 15 U.S.C.A. § 45. This provision has been held to entitle the Federal Trade Commission to an enforcement order despite the discontinuance of the practice complained of. This court stated in Fairyfoot Products Co. v. Fed-

eral Trade Commission, 7 Cir., 80 F.2d 684, "* * * it has often been held that the mere discontinuance of an unfair competitive practice cannot serve to bar a 'cease and desist' order based on that discontinued practice, particularly where there is no definite assurance that it will not be renewed."

The same may be said of an unfair labor practice, and while the respondent alleges that it has carried out the affirmative provisions of the order of the Board, and has not violated the provisions of the cease and desist portion of the order, such assertion does not guarantee continued obedience to the order. There is, of course, no question as to the correctness of the order involved here—respondent did not apply for a review of it as provided by section 10(f) of the Act, 29 U.S.C.A. § 160(f). By its stipulation it agreed to the correctness of the finding and the enforcement of the order. In view of all these circumstances respondent has no right now to object to the enforcement order, hence the order must be entered by this court. It is, therefore, hereby ordered, adjudged, and decreed that respondent shall:

1. Cease and desist from:

(a) In any manner interfering with, restraining, or coercing its employees in the exercise of their rights to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, as guaranteed in Section 7 of the National Labor Relations Act;

(b) Discouraging membership in the United Brotherhood of Carpenters & Joiners of America, Local 1617, or in any other labor organization of its employees by discharging, threatening, laying off, or refusing to recall or reinstate any of its employees for joining the United Brotherhood of Carpenters & Joiners of America, Local 1617, or any other labor organization of its employees;

(c) In any manner, discriminating against any of its employees in regard to hire or tenure of employment or any terms or conditions of employment for joining said United Brotherhood of Carpenters & Joiners of America, Local 1617, or any other labor organization of its employees.

2. Take the following affirmative action which the Board finds will effectuate the policies of the Act:

(a) Offer to its employees hereinafter named, who were laid off or discharged upon the dates appearing after their several names, being H. B. Brown, November 27, 1937; William Henry, December 2, 1937; William Baxter, December 15, 1937; Frank Cockerham, December 14, 1937; Bernard McDonald, December 15, 1937; Harold L. Mann, December 15, 1937; John Phares, February 4, 1938; Esta Lightfoot, February 19, 1938; Frank Lightfoot, February 19, 1938; and Carl Bennett, March 7, 1938, immediate and full reinstatement to their former positions without prejudice to their seniority rights or any other rights and privileges previously enjoyed by them.

(b) Post and keep visible in conspicuous places about its said plant in the City of Shelbyville, County of Shelby and State of Indiana for a period of thirty (30) days after receipt, copies of a notice to be prepared by the Regional Director of the National Labor Relations Board for the Eleventh Region;

(c) Inform the said Regional Director of the National Labor Relations Board for the Eleventh Region, within ten (10) days of the approval of this stipulation by the National Labor Relations Board, of the manner in which the said respondent has complied therewith.