## NATIONAL LABOR RELATIONS BOARD v. PURE OIL CO.

### No. 9028.

Circuit Court of Appeals, Fifth Circuit.
April 24, 1939.

Rehearing Denied May 25, 1939.

Charles Fahy, Gen. Counsel, National Labor Relations Board, and Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, both of Washington, D. C., for petitioner.

Ernest S. Ballard and Merrill Shepard, both of Chicago, Ill., for respondent.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The order here sought to be enforced was made in pursuance of a formal stipulation duly signed by attorneys for each party. It was also based upon findings of fact and a stipulation that it should have the same force and effect as if "entered by the Board after a full hearing, presentation of evidence, and making of findings thereon."

The agreement is not denied. Respondent's contention is that the petition for enforcement should be dismissed because, since the entry of the order, the issues have become moot. It avers compliance with that portion of the order which requires respondent to take affirmative action. The remaining subject matter of this proceeding, it says, has been fully and finally disposed of by acts and transactions entirely independent of respondent and beyond its control. In these circumstances, it argues that the order of the Board has nothing upon which to operate, and that any effort to enforce it would be a vain and idle proceeding.

The order is in the usual form, and is identical in terms with that agreed upon in the stipulation. Several months after its entry, the Board served notice on all of the parties of its intention to set aside its finding of fact and vacate its order, unless sufficient cause to the contrary should be shown. Thereafter, the respondent filed its objection to the proposed action and requested a hearing for the purpose of oral argument. Pursuant to notice, such a hearing was had and briefs filed; the respondent and Oil Workers' International Union, Local 228, participated therein. The respondent contended that the Board had no power to set aside its findings and vacate its order; that, if any acts of respondent constituted infractions of the Board's order, they should be dealt with under the procedure provided by Section 10(e) of the National Labor Relations Act, 29 U.S. C.A. § 160(e). The language of respondent was interpreted by the Board to have reference to acts of the same type as those alleged in the complaint and covered by the order. Consequently, respondent's position was held to be that such acts were to be dealt with by the procedure provided for enforcement of such orders upon petition to the appropriate Circuit Court of Appeals. Upon this position of respondent, without deciding its power in the circumstances, the Board withdrew its notice, and filed a petition in this court for enforcement of the order.

We do not think the controversy with which the order deals has become moot.

The respondent is required to desist from dominating the Refinery Workers' Union of the Smith's Bluff Refinery, or any other labor organization of its employees. While it is true that the Smith's Bluff Refinery has been disbanded, it may be reorganized, or a similar organization formed under another name, with the same employees. The act does not permit an evasion of this kind, and the order under consideration is formed and phrased to prevent it. If it be conceded that respondent has taken the affirmative action required of it, there are certain desist-provisions of the order which operate entirely prospectively. In National Labor Relations Board v. Greyhound Lines, 303 U.S. 261, 271, 58 S.Ct. 571, 82 L.Ed. 831, 115 A.L.R. 307, it was held that an order of this character, lawful when made, does not become moot because it is obeyed or because changing circumstances indicate that the need for it may be less than when made. See, also, National Labor Relations Board v. Remington Rand, Inc., 2 Cir., 94 F.2d 862; National Labor Relations Board v. Oregon Worsted Co., 9 Cir., 96 F.2d 193.

Furthermore, in view of respondent's stipulation as to the force and effect of the order and its objection to the proposed action of the Board to vacate it, particularly in view of the delay obtained by the action of the Board in withdrawing its notice to vacate and petitioning this court for an enforcement of the order, we think the respondent should not be allowed at this time to question the validity of the order or the propriety of this proceeding to enforce it. In its brief, objecting to further action before the Board, the respondent not only contended that the Board was without power to set aside its findings and vacate its order, but suggested the very proceeding which it is now objecting to, using the following language: "In respect of the second prohibition, it is clear that if further proceedings are deemed necessary, they must be had in conformity with the Act, either in the form of enforcement proceedings under Section 10(e) or under and pursuant to a proper and valid charge, forming the basis for the consideration of issues other than those hereinbefore fully litigated and disposed of." Having advocated this proceeding and obtained a substantial advantage by so doing, we think the respondent is now estopped to object to the enforcement of the order by this court.

The petition of the Board should be, and hereby is, granted.

SIBLEY, Circuit Judge (dissenting).

The Board's order is that Pure Oil Company cease and desist: A. from dominating or interfering with the administration, or contributing financial support, of Refinery Workers Union or any other labor organization of its employees; B. from in any manner interfering with, restraining or coercing its employees in the exercise of the right of self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection as guaranteed by Section 7 of the Act, 29 U.S.C.A. § 157; C. from discouraging membership in Oil Workers Union, Local 228, or in any other labor organization of its employees by discriminating in regard to hire or tenure of employment or any term or condition of employment; and that affirmative action be taken by withdrawing recognition of Refinery Workers Union, and by posting notices for sixty days that it will cease and desist as ordered, and will not contribute support to Refinery Workers Union or any labor organization, will not discourage membership in Oil Workers International Union, or discriminate against employees by reason of union activity or affiliation. The judgment of this court prohibits and commands in the same words. This, I think, is improper and probably in excess of the court's constitutional powers.

By moving to strike Pure Oil Company's defense, the Board has admitted allegations that everything has been fully done that was affirmatively required, and that Refinery Workers Union was dissolved even before the Board's order was made. It is, of course, vain to enjoin or command specifically what has already been accomplished. The effective injunction will be only the general words of the order, which are nothing but the words of the National Labor Relations Act in Section 7 and Section 8 (1) (2) (3), 29 U.S.C.A. §§ 157, 158 (1-3), defining unfair labor practices. Henceforth Pure Oil Company will live in these respects not under the law but under the order of this court. It will be tried for unfair labor practices not by the Board's investigation of the facts, but under a rule for contempt issued by this court. If all employers who commit a single unfair labor practice may be subjected to orders as broad as the Act itself, and if these orders

can be made the judgment of this court on the bare request of the Board, we shall soon be exercising the function of the Board. The complaint in this case which the Board tried included only two matters: That the Refinery Workers Union was company dominated, and that one Tom Parkhill had been discharged discriminatorily for his activity in the rival Oil Workers International Union. The Board abandoned the latter ground of complaint on the hearing. The Refinery Workers Union disbanded. The complaint was thereupon closed by Pure Oil Company agreeing to the order that was passed. I think the order far broader than it ought to have been, but it was agreed to, and is not now attacked. But Pure Oil Company very correctly objects to its being made the judgment of this court; not because the matter is wholly moot, but because it will put the Company under an unlawful government by injunction rather than by the law. It has been held that the Interstate Commerce Commission, having rightly commanded a carrier to cease and desist from a particular breach of law, could not ask the enforcing court to prohibit generally all future breaches, for the very reason I have stated. New York, N. H. & H. R. Co. v. Interstate Commerce Commission, 200 U.S. 361, 404, 26 S.Ct. 272, 50 L.Ed. 515.

But there is deeper reason why the Board's petition here should be denied. No justiciable controversy is shown. This is a court, and as such under the Constitution can act only on cases and controversies. The court is not a registration office for the orders of the Board. Nor is the Board an arm of the court. When, proceeding under the Act, Sect. 10(e), 29 U.S.C.A. § 160(e), the Board asks enforcement of an order, it comes into court as a litigant. It must show some specific thing that ought to be done or prohibited, and not that the person proceeded against, having been found a first offender in some one particular, ought to be put on general probation by the court. The present petition alleges only that the Board made this order by consent of Pure Oil Company, that for some undisclosed reason the Board had announced a purpose to set aside the order and reopen the complaint, that the Company said it could not be done, and that for any new charge the Board should proceed on a new complaint or else enforce the old order in court, and that the Board withdrew its notice to reopen, and now asks enforcement. The petition wholly fails to mention anything which Pure Oil Company has done or threatened or refused to do and which requires this court to do something in the way of enforcement. On its face it fails to make a definite case or controversy. When a respondent seeks to set aside an order of the Board, the order itself is the controversy. When the Board asks enforcement the order is not in controversy, but something in defiance of it must appear. The bare fact that an order has been made and not set aside does not make a case before this court.

The response, admitted to be true, that Pure Oil Company has done everything required of it and has publicly promised to cease and desist from all that had been prohibited, makes it clear that there is no present need of enforcement and that no present case or controversy exists. It is not proper, nor within the power of this court, to command generally in the very words of the Act that the Pure Oil Company in the future shall not do what the Act forbids on pain of being in contempt of court. This is not the enforcement intended by the Act, but would tend to supersede the functions of the Board. If Pure Oil Company should do or threaten anything in the future contrary to the order, as limited by a reasonable construction, a case would arise for enforcement of it. If something new should be done contrary to the Act, the Board should investigate it and find the facts and make a further order, asking court aid to enforce it if it becomes necessary. I think this blanket injunction enforcement, without any present controversy is unlawful. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S. Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Ashwander v. Tenn. Valley Authority, 297 U.S. 288, 324, 56 S.Ct. 466, 80 L.Ed. 688; Liberty Warehouse Co. v. Grannis, 273 U. S. 70, 47 S.Ct. 282, 71 L.Ed. 541; California v. San Pablo & T. R. Co., 149 U.S. 308, 314, 13 S.Ct. 876, 37 L.Ed. 747.

On Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment in the above numbered and entitled cause is of the opinion that the petition for rehearing should be granted, it is ordered that the said petition be and the same hereby is denied.