NATIONAL LABOR RELATIONS BOARD
v. TOLEDO DESK & FIXTURE CO.
No. 10274.

Circuit Court of Appeals, Sixth Circuit.
Dec. 13, 1946.

Louis S. Belkin, of Cleveland, Ohio (Gerhard P. Van Arkel, Morris P. Glushien, A. Norman Somers, Marcel Mallet-Prevost and Irene Shriber, all of Washington, D. C., on the brief), for petitioner.

Arnold Bunge, of Toledo, Ohio (Marshall, Melhorn, Wall & Block, of Toledo,

Ohio, on the brief; Arnold F. Bunge, of Toledo, Ohio, of counsel), for respondent.

Before SIMONS, ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

█ This is a petition for enforcement of an order of the National Labor Relations Board which found that the respondent had interfered with and coerced its employees in their right to organize, in violation of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., by refusal to recognize the union; by threats of reprisals against employees because of union membership and by discharging various employees because of union activities. On this phase of the case no unusual question is presented. The findings of the Board are sustained by the record, and the order is valid.

The respondent's principal contention in this court in effect concedes the validity of the order, for it urges that it has complied with the order as far as possible, and moves the court for an order directing that additional testimony be taken before the Board and that the hearing in this court on the merits be postponed.

In support of its contention as to compliance, respondent presents an affidavit to which are attached certain waivers of re-employment, signed by six employees. The Board's order required reinstatement of nine employees, together with restitution of loss of pay suffered by reason of the unlawful discharge. As to the contention that in so far as possible the respondent has complied with the order, affidavits filed in opposition to its motion to remand the case to the Board present a definite issue as to whether either full or substantial compliance, or compliance so far as possible, has been made. For instance, of the employees whose waivers are presented, two received from the respondent $500 each, one $150, one $100, and two of them $10 each, an aggregate of $1,270 for six people. This is the total shown to have been received from the respondent as consideration for executing the waivers. The order of the Board entitled each of these employees to much more than this, for each was working for a weekly wage of $41.80. The aggregate sum that four of them would have earned from May 1, 1944, the date of discharge, to June 7, 1946, the date of filing the petition for enforcement, allowing for the fact that these employees secured certain other employment, was calculated by the attorney for the Board to be over $4,000.

█ Assuming that full compliance had been made by the respondent, this fact would not justify refusal to issue the decree of enforcement. The case must be heard on the record as made before the Board. National Labor Relations Board v. Newport News Shipbuilding & Dry Dock Co., 308 U.S. 241, 250, 60 S.Ct. 203, 84 L.Ed. 219. Abandonment of an illegal practice does not cause the controversy to become moot. National Labor Relations Board v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 271, 58 S.Ct. 571, 82 L.Ed. 831, 115 A.L.R. 307; Federal Trade Commission v. Goodyear Tire & Rubber Co., 304 U.S. 257, 58 S.Ct. 863, 82 L.Ed. 1326.

Phelps Dodge Corp. v. National Labor Relations Board, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217, does not govern this particular phase of the case.

A decree of enforcement will issue as prayed in the petition.