## NATIONAL LABOR RELATIONS BOARD v. HILLS BROS. CO.

### No. 11835.

Circuit Court of Appeals, Fifth Circuit.

April 30, 1947.

C. Paul Barker, Regional Atty., N. L. R. Bd., of New Orleans, La., and Gerhard P. Van Arkel, Gen Counsel, N. L. R. Bd., and A. Norman Somers, Asst. Gen. Counsel, N. L. R. Bd., both of Washington, D. C., for petitioner.

Alexander E. Wilson, Jr., of Atlanta, Ga., for respondent.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

Looking to the petition alone, the case presented is the ordinary one of a proceeding for enforcement of an order [1] of the National Labor Relations Board, which respondent has refused, and is refusing, to comply with, in which the issues are whether the order was supported by evidence and in accordance with law. When, however, respondent's answer is looked to, it at once appears that the issues, petition and answer tendered are entirely different. Not admitting that respondent has committed any unfair labor practice, the answer, admitting the issuance of the order, pleads: (1) That respondent has made every effort to comply with it; (2) that it has offered the persons named in paragraph 2(a) of the order employment, and such persons have actually accepted employment; (3) that it, on August 10, 1946, posted the notice required; and (4)

---

[1] The order required respondent to (1) cease and desist from (a) discouraging membership in any labor organization of its employees, etc., and (b) interfering with or coercing its employees in exercise of their right to self organization, etc.; (2) (a) offer to Velma Manning, Ludie Weaver, and Alma Staveley, immediate and full reinstatement; (b) make them whole for loss of pay suffered; (c) post in its plant at Bartow, Florida, copies of the notice attached to the Intermediate Report; (d) notify the Regional Director what steps it has taken to comply.

that it, in compliance with Section 2(d) of the order, notified petitioner's regional director of respondent's desire to comply therewith, and sought petitioner's aid and assistance in doing so. The answer then proceeds to allege that petitioner, ignoring respondent's efforts to comply with the order, presented its petition for enforcement and undertook to induce respondent to execute a stipulation and compliance agreement which was not in accord with the order. It is clear, therefore, that the action of respondent in agreeing to comply therewith has made these questions moot, and that no questions as to the correctness of the order, or which the petition seeks enforcement are properly before us. It is clear, too, that the matters tendered by the answer as to whether and to what extent respondent actually complied are matters 'which it will be time enough for us to inquire into and determine if and when any substantial controversy over compliance arises after the entry of our order enforcing that of the Board. The order of this court, therefore, should be one directing the enforcement of the order of the Labor Board without prejudice to the right of the respondent to show in any proceeding arising under the order of this court the extent to which it has already complied with the Board's order, and without obligation on the respondent to again comply in the respects in which it has already complied therewith.