NATIONAL LABOR RELATIONS BOARD v. CROMPTON-HIGHLAND MILLS, Inc.

No. 12191.

Circuit Court of Appeals, Fifth Circuit.

May 5, 1948.

Fannie M. Boyls, Atty., National Labor Relations Board, David P. Findling, Associate Gen. Counsel, National Labor Relations Board, and Ruth Weyand, Acting Asst. Gen. Counsel, National Labor Relations Board, all of Washington, D. C., for petitioner.

Ralph Williams, of Atlanta, Ga., for respondent.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

The Board on the 21st of August, 1946, ordered the respondent to: (1) cease and desist from refusing to bargain collectively with the Union; (2) (a) upon request, to bargain collectively with the Union in respect to rates of pay, wages, hours, and other conditions of employment; (b) to post appropriate notices; and (c) to notify the Regional Director of the steps taken to comply.[1]

In response to the Board's belated petition for the enforcement of its order, respondent asserts that it has complied with the order in that it has posted notices, has on two occasions, since the making of the order, bargained satisfactorily with the Union in respect to two subsequent, and general, increases in wages; and that on September 19, 1946, or after the making of the order, it had offered to sign a contract, which, in greater part, had been tentatively agreed upon with the Union in collective bargaining, if the provisions for the withholding of Union dues from wages of employees were eliminated, but that the Union refused to sign such contract without provisions for Union security therein. It offers to prove the facts set out above.

The Board's findings stated: "The Trial Examiner found that the respondent in violation of Section 8(1) and (5) of the Act, failed to bargain collectively with the Union as the statutory representative of the respondent's employees by refusing to furnish the Union with certain detailed information relating to the incentive wage plan *and by granting a wage increase to its employees without consulting the Union.* Although we agree with the Trial Examiner's conclusion, we, however, rest our determination solely on the latter ground." (Italics supplied.)

Therefore, the only unfair labor practice found by the Board was the granting of a wage increase to its employees without consulting the Union.

It appears, however, to be undisputed in the evidence of Mr. Douty, the representative of the Union in the State, that when the wage increase was granted collective bargaining had broken down, the Union had withdrawn from further bargaining in connection with the matter, and a strike vote had already been called. The evidence also seems to be without dispute that the raise in wages was made by the Company to meet competition by other mills in that section. Under these circumstances it does not appear to be an unfair labor practice to grant a general increase in wages to the employees without consulting the Union. On the strength of this view, and in the light of the earnest assertions by the respondent that it has complied with the Board's previous order and has subsequently bargained with the Union in relation to two general increases in wages, the petition of the Board for enforcement of the order will be denied.

The petition of the Board is denied.

---

[1] The pertinent parts of the order of the Board require the Company to:

"1. Cease and desist from:

"(a) Refusing to bargain collectively with Textile Workers Union of America, CIO, as the exclusive representative of the respondent's production and maintenance employees at the Griffin plant, including watchmen, but excluding office, clerical, technical, and laboratory employees, section men in the spinning room, head loom fixers in the weave room, head fixers in the card room, all supervisory employees of the grade of second hand and above, and all other supervisory employees with authority to hire, promote, discharge, discipline, or otherwise effect changes in the status of employees, or effectively recommend such action, by taking action, without prior consultation with said organization, with respect to rates of pay, wages, hours of employment, and other conditions of employment;

"(b) In any manner interfering with the efforts of Textile Workers Union of America, CIO, to bargain collectively with it as the representative of its employees in the appropriate unit described above.

"2. Take the following affirmative action, which the Board finds will effectuate the policies of the Act;

"(a) Upon request, bargain collectively with Textile Workers Union of America, CIO, as the exclusive representative of all of its employees in the appropriate unit described above with respect to rates of pay, wages, hours of employment, and other conditions of employment;"