## NATIONAL LABOR RELATIONS BOARD v. GENERAL MOTORS CORPORATION.

### No. 123, Docket 21469.

United States Court of Appeals Second Circuit.

Argued Jan. 5, 1950.

Decided Jan. 18, 1950.

A. Norman Somers, Asst. Gen. Counsel NLRB, Washington, D. C., David P. Findling, Associate General Counsel, Marcel Mallet-Prevost, Louis Schwartz, Washington, D. C., for petitioner.

H. M. Hogan, Detroit, Mich., Harry S. Benjamin, Jr., Detroit, Mich., for respondent.

Before L. HAND, SWAN and CLARK, Circuit Judges.

PER CURIAM.

This is a petition by the Board to enforce its order of February 18, 1949, requiring the respondent to bargain collectively with a union about any "group insurance" for its employees. The respondent had refused to deal with the Union about this matter, asserting that it was not within the statute; and on January 22, 1948, the Board filed a complaint against it, based upon a charge filed by the Union. During the month of February a trial examiner began to take evidence, and on March 12, 1948, the respondent began negotiations with the Union, which by May 25 resulted in an agreement that, if the courts should finally decide that the respondent was obliged so to bargain, the parties would set up a joint committee to study the proposals of each and to report back. The examiner had already made his intermediate report on May 3, but it was not until February 18, 1949, that the Board issued the order here in question. On April 25, 1949, the Supreme Court denied a petition for certiorari[1] to review a decision of the Seventh Circuit, 170 F.2d 247, which had held that the statute covered "group insurance";

1. Inland Steel Co. v. N.L.R.B., 336 U.S. 960, 69 S.Ct. 887.

and on October 10, 1949, the Union asked the respondent to establish the committee provided for in the agreement of May 25, 1948. The respondent agreed to do so on October 17, 1949, and on October 21, 1949, the parties met and began to formulate a plan for "group insurance". The respondent asserts that these negotiations make unnecessary and improper the issuance of any enforcement order.

The defendant in an action for an injunction never as matter of right becomes entitled to a dismissal because after process served, he discontinues the conduct of which the plaintiff complains. It is for the court to say whether the plaintiff shall be compelled to accept his assurance that he will not resume what he should not have begun. After all, no more is involved than whether what the law already condemned, the court shall forbid; and the fact that its judgment adds to existing sanctions that of punishment for contempt, is not a circumstance to which a court will ordinarily lend a friendly ear. The defendant on his part can invoke no other interest except an escape from whatever stigma attaches to a finding against him, and to the court's refusal to accept his promise that he will not repeat the wrong. Ordinarily that will not be a counterweight to the protection of which the plaintiff has shown he was once in need, and which he will need again, should the defendant change his mind.

At any rate it is well settled in Labor Board cases[2] that the Board need not dismiss the proceeding and that the courts need not refuse to enforce the Board's order, because, pendente lite, the original dispute has been settled. The question whether the settlement shall be accepted as definitive is for the Board to decide; and that was peculiarly true of the case at bar. True, it is plain that the respondent was only awaiting a final determination whether "group insurance" was

within the Act; and it is to the last degree unlikely that it will again deny that it is. Nevertheless, although negotiations are under way, no one can be sure that they will end in an agreement; and if they do not, it is at least conceivable that the union may claim that they have broken down because the respondent had from the outset determined that they should. It should have the privilege of presenting such a contention directly to a court without passing again through the Board. That does not, of course, mean that the respondent can be punished for anything done, or left undone, before our order issues. The suggestion at the bar that the respondent has anything of the sort to fear, is without the slightest support; but with all such doubts laid, we can see no reason why the usual order should not pass.

Enforcement ordered.

2. N.L.R.B. v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 271, 58 S.Ct. 571, 82 L.Ed. 831, 115 A.L.R. 307; N.L.R.B. v. E. C. Atkins & Co., 331 U.S. 398, 402, 67 S.Ct. 1725, 91 L.Ed. 1872; Independent Employees Association, etc., v. N.L.R.B., 2 Cir., 158 F.2d 448, 456; N.L.R.B. v. Clark Bros Co., Inc., 2 Cir., 163 F.2d 373, 375.