# NATIONAL LABOR RELATIONS BOARD *v.* POOL MANUFACTURING CO.

No. 435.   Argued April 18, 1950.—Decided May 15, 1950.

*A. Norman Somers* argued the cause for petitioner. *Solicitor General Perlman, Robert N. Denham, David P. Findling* and *Mozart G. Ratner* filed a brief for petitioner.

*John M. Scott* argued the cause and filed a brief for respondent.

MR. JUSTICE CLARK delivered the opinion of the Court.

This case is a companion to *Labor Board* v. *Mexia Textile Mills, ante,* p. 563, decided this day. Respondent is a manufacturer of clothing in Texas, and is engaged in interstate commerce within the meaning of the labor relations acts.[1] In December 1943, the National Labor Relations Board designated Local Union No. 251 of the United Garment Workers of America, affiliated with the American Federation of Labor, the exclusive bargaining representative of certain of respondent's employees. In December 1945, the Union charged the respondent with violations of §§ 8 (1) and 8 (5) of the National Labor Relations Act in connection with a strike going on at that time. The Board's complaint was issued pursuant to these charges in April 1946; a hearing was held; the Trial Examiner's intermediate report was issued; and, since no exceptions to the report were entered by the respondent, the Board, on August 26, 1946, adopted the

---

[1] 49 Stat. 449, 29 U. S. C. § 151 *et seq.;* 61 Stat. 136, 29 U. S. C. (Supp. III) § 141 *et seq.*

Trial Examiner's findings,[2] conclusions and recommendations, and ordered the respondent to cease and desist from its refusal to bargain with the Union. With certain limitations, the company was also ordered to offer reinstatement and back pay to employees who had gone on strike. 70 N. L. R. B. 540 (1946).

Two and one-half years later, on February 17, 1949, the Board petitioned the Court of Appeals for the Fifth Circuit for the enforcement of its order. Respondent moved for leave to adduce additional evidence. It stated that it had bargained with the Union since the date of the order, but that no agreement had been reached; that the Union had made no effort to bargain since early in 1948; that respondent questioned whether the Union retained the majority of employees in the bargaining unit, since certain employees had informed respondent that they had left the Union, and the Union's organizer had stated, according to respondent, that a rival union had a "substantial group" within its membership; that these facts had come to respondent's attention since the "record in the instant case was closed and completed"; and finally that the passage of the statute imposing a duty upon the Union to bargain with the respondent might affect the disposition of the case before the Board.

On May 13, 1949, the Court of Appeals for the Fifth Circuit entered an order identical in pertinent part with that quoted in *Labor Board* v. *Mexia Textile Mills, ante,* p. 563. We granted certiorari, 338 U. S. 909 (1950).

Although respondent concedes that the decision in the *Mexia* case governs the case at bar, a single issue may deserve separate treatment. In the instant case the Board waited two and one-half years before it sought enforcement of its order. There is a suggestion that the

---

[2] Including the Trial Examiner's rejection of the employer's allegation that the Union no longer represented the majority in the bargaining unit.

length of the delay may have influenced the Court of Appeals in ordering the Board to take evidence on the question of compliance. We regard this as doubtful, in view of its identical action in the *Mexia* case, when the petition for enforcement was filed only nine months after the Board's order. But in any event we view the delay as without consequence in this case.

The Board is of course charged with primary responsibility in effectuating the policies of the Act. It has determined that those policies are advanced in some cases by resorting to the processes of negotiation with the employer rather than the compulsion, as well as the trouble and expense, of an enforcement decree. See § 202.13 of the Board's earlier regulations regarding the Labor Management Relations Act, 12 Fed. Reg. 5651, 5653 (1947). In some cases delay in enforcement may be helpful in reaching an immediate solution of the problem; in others, exhaustion of negotiation techniques before a decree is requested may consume many months after the Board's order and before such techniques fail. We are of the opinion that a strict judicial time limitation of the duration presented in the instant case would frustrate the deliberate purpose of Congress in permitting, but not requiring, resort to an enforcement decree.[3] Cf. § 10 (b), which states a definite period of limitation regarding charges filed with the Board. Compare *Labor Board* v. *American Creosoting Co.,* 139 F. 2d 193 (C. A. 6th Cir. 1943); *Labor Board* v. *Electric Vacuum Cleaner Co.,* 315 U. S. 685, 697–698 (1942). We must not forget that the "question whether the settlement [with the employer] shall be accepted as definitive is

---

[3] "The Senate amendment followed the present language of the act, which permits the Board to petition for enforcement, but does not require it to do so. The conference agreement adopts the language of the Senate amendment." H. R. Conf. Rep. No. 510, on H. R. 3020, 80th Cong., 1st Sess., p. 55.

for the Board to decide . . . ." *Labor Board* v. *General Motors Corp.*, 179 F. 2d 221, 222 (C. A. 2d Cir. 1950). The employer, who could have obtained review of the Board order when it was entered, § 10 (f), is hardly in a position to object. *Labor Board* v. *Todd Co.*, 173 F. 2d 705 (C. A. 2d Cir. 1949); *Labor Board* v. *Andrew Jergens Co.*, 175 F. 2d 130, 134 (C. A. 9th Cir. 1949).

The contrary argument was made in more explicit terms in *Labor Board* v. *Crompton-Highland Mills*, 337 U. S. 217 (1949), a case also coming to us from the Court of Appeals for the Fifth Circuit. The Board's petition for enforcement had been filed more than a year and three months after its order. In its brief in this Court as well as in response to the petition for enforcement in the Court of Appeals, the employer alleged that it had bargained collectively with the Union for nearly two years prior to the petition for enforcement, and that the Board's order requiring collective bargaining should not be enforced. Noting the delay, respondent asked that it be afforded "an opportunity to prove the pertinent facts." The Court of Appeals denied the Board's "belated" petition for enforcement for a reason not pertinent here, coupled with "the earnest assertions by the respondent that it has complied with the Board's previous order . . . ." 167 F. 2d 662, 663 (1948). This Court reversed, holding "that the Board's order to cease and desist is justified, under the circumstances of this case . . . ." The Court stated that "Even though the employer, since January 1, 1946, may have carried on collective bargaining in good faith as to rates of pay and other matters, a decree enforcing the original order against making a general increase without consulting the collective bargaining representatives is justifiable. '. . . an order of the character made by the Board, lawful when made, does not become moot because it is obeyed or because changing circumstances indicate that the need for it

may be less than when made.' *Labor Board* v. *Pennsylvania Greyhound Lines,* 303 U. S. 261, 271. See also, *Federal Trade Comm'n* v. *Goodyear Tire & Rubber Co.,* 304 U. S. 257." 337 U. S. at 225, n. 7.

We think the rationale of the *Crompton-Highland* case is persuasive here. Otherwise those intent upon violating the Act have a ready means of escape through the use of delaying tactics in negotiation, culminating in the filing of motions for leave to adduce evidence when enforcement is sought, thus effectively frustrating the Board's order. We need not now face the question whether a Court of Appeals may under § 10 (e) refer a matter back to the Board for appropriate action on a showing by the employer that subsequent to the Board's order, but before the petition for enforcement several years later, a rival union has filed before the Board a petition for recognition, not yet acted upon, which claims that the bargaining representative no longer has a majority of the employees. Nor need we decide whether a period of delay through its length alone may mature into a denial of an enforcement decree or make necessary the adduction of additional evidence. Cf. *Labor Board* v. *Eanet,* 85 U. S. App. D. C. 371, 179 F. 2d 15 (C. A. D. C. Cir. 1949). We decide only that in this case the Board's delay in filing its petition was not fatal, and cannot save the order entered below. Like its companion, this order of the Court of Appeals must be vacated and the enforcement of the Board order decreed pursuant to § 10 (e), unless "extraordinary circumstances" are pleaded which justify the respondent's failure to urge its objections before the Board.

*It is so ordered.*

[For dissenting opinion of MR. JUSTICE FRANKFURTER, joined by MR. JUSTICE JACKSON, see *ante,* p. 570.]