NATIONAL LABOR RELATIONS BOARD v.
BRADLEY WASHFOUNTAIN CO.
No. 10336.

United States Court of Appeals
Seventh Circuit.
March 21, 1951.

* Third Circuit, sitting by special designation.

358

A. Norman Somers, Asst. General Counsel, National Labor Relations Board, Washington, D. C., for petitioner.

O. S. Hoebreckx, Martin R. Paulsen and F. H. Prosser, all of Milwaukee, Wis., for respondent.

Before MAJOR, Chief Judge, and KERNER and SWAIM, Circuit Judges.

PER CURIAM.

On May 31, 1950, the National Labor Relations Board, after a hearing, issued an order in which the respondent, Bradley Washfountain Co., was ordered to cease and desist from certain unfair labor practices, and was also ordered to take certain affirmative action which included offering to the employees named in the order "immediate and full reinstatement to their former, or substantially equivalent positions, without prejudice to their seniority and other rights and privileges, dismissing if necessary, all persons hired on or after October 19, 1948." The Board then filed herein its petition to enforce its order.

The respondent has filed in this court, pursuant to the Labor Management Relations Act of 1947, 29 U.S.C.A. § 160(e), its petition for leave to adduce additional evidence consisting of the affidavit of Howard G. Mullett, an officer of respondent, that it had partially complied with the Labor Board's order by offering re-employment to most of said former employees. Attached to the affidavit and made a part thereof are copies of letters alleged to have been written to said former employees offering them employment, pursuant to the order of the Board.

The National Labor Relations Board opposes respondent's petition to adduce such additional evidence on the ground that it is immaterial in enforcement proceedings.

In National Labor Relations Board v. Mexia Textile Mills, 339 U.S. 563, 567, 70 S.Ct. 826, 828, the Supreme Court said: "We think it plain from the cases that the employer's compliance with an order of the Board does not render the cause moot, depriving the Board of its opportunity to secure enforcement from an appropriate court. * * * A Board order imposes a continuing obligation; and the Board is entitled to have the resumption of the unfair practice barred by an enforcement decree."

And again, 339 U.S. at page 569, 70 S.Ct. at page 830, the Supreme Court said: "If compliance with an order of the Board is irrelevant to the reviewing court's function after the new evidence has been adduced, we do not see that there is point in adducing evidence of that compliance. This Court has emphasized that the 'power to adduce additional evidence granted to the Circuit Court of Appeals by § 10(e) cannot be employed to enlarge the statutory scope of judicial review.' "

In that case a dissenting opinion by Mister Justice Frankfurter started with the sentence, 339 U.S. at page 570, 70 S.Ct. at page 833: "Compliance with an order of the National Relations Board is, of course, no defense to the Board's petition for judicial enforcement of its order." See also National Labor Relations Board v. Pool Manufacturing Co., 339 U.S. 577, 70 S.Ct. 830.

Since the evidence sought to be adduced is immaterial, the petition of the respondent is denied.