## NATIONAL LABOR RELATIONS BOARD v. WARREN CO., Inc.

### No. 13772.

United States Court of Appeals
Fifth Circuit.

June 24, 1952.

William J. Avrutis, Atty., National Labor Relations Board, A. Norman Somers, Asst. General Counsel, D. P. Findling, Associate General Counsel, Washington, D. C., for petitioner.

John Wesley Weekes, Murphey Candler, Jr., Decatur, Ga., for respondent.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This case is before the Court upon the petition of the National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act as amended,[1] for enforcement of its order issued against respondent following proceedings under Section 10 of the Act. The Board's decision and order are reported at 90 N.L.R.B. 689.

With commendable candor respondent's counsel has stated its position as follows:

"We have controverted the findings of fact of the Board in our Response, but in all fairness to this Court we are constrained to admit that there is sufficient evidence, even though disputed, upon which to base the Board's order.

"Our Contention, therefore, is that the Board's order should not be enforced by this Court, *not because of the insufficiency of evidence, but because the order has been obeyed in all of its provisions and, because of changed conditions not attributable to Respondent's conduct, the Union does not now represent a majority in this small unit and Respondent should not be required to bargain further with it.*" (Emphasis the respondent's.)

The Supreme Court has expressly ruled that compliance with an order of the Board does not affect the Board's right to enforcement, pointing out that the legislative history of the Act indicates that the framers of the Act contemplated "that there be 'immediately available to the Board an existing court decree to serve as a basis for contempt proceedings,' in the event a renewal of the unfair practice occurs after the enforcement order." N.L.R.B. v. Mexia Textile Mills, 339 U.S. 563, 567, 569, 70 S. Ct. 826, 830, 94 L.Ed. 1067.[2]

---

* 16 T.C. 930, where the facts are fully set out and the reasons for the decisions given.

1. 61 Stat. 136, 29 U.S.C.A. § 151 et seq.

2. See also N. L. R. B. v. American National Insurance Company, 72 S.Ct. 824,

The same decision, see page 568 of 339 U.S., 829 of 70 S.Ct. settles the doctrine that the Union's alleged loss of majority may not be urged as a defense in an enforcement proceeding. See also N. L. R. B. v. Sanson Hosiery Mills, 5 Cir., 195 F. 2d 350; cf. N. L. R. B. v. Aldora Mills, 5 Cir., 197 F.2d 265.

It results that the Board's petition is granted and its order

Enforced.

see Footnote 4; N. L. R. B. v. Pool, 339 U.S. 577, 581, 70 S.Ct. 830, 94 L.Ed. 1077; N. L. R. B. v. Crompton-Highland Mills, Inc., 337 U.S. 217, 226, 69 S.Ct. 960, 93 L.Ed. 1320; N. L. R. B. v. Hills Bros. Co., 5 Cir., 161 F.2d 179, 180; N. L. R. B. v. Davis, 5 Cir., 172 F.2d 225.