PUERTO RICO LABOR RELATIONS BOARD, Petitioner, *v.* GILBERTO L. GARCÍA, Defendant.

No. 45.   Argued June 1, 1955.—Decided June 28, 1955.

*José Trías Monge*, Attorney General, *Aurelio Torres Braschi*, Assistant Attorney General, and *Ramón Acevedo Oliveras* and *Eduardo Álvarez de la Vega* for petitioner. *Antonio Figueroa Rivera* for defendant.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The Puerto Rico Labor Relations Board [1] has filed with us a petition to enforce its order of July 15, 1953, directed to the defendant, his officers, agents, successors and assignees. [2] It alleges in its petition, in brief, that it rendered the aforesaid order in view of a stipulation and agreement signed by it and by the defendant herein; that to date defendant has complied with the second part of the Order, which it describes in its petition; that although it has no proof whatsoever as to whether or not defendant has complied with paragraph (b) of the first part of its Order, it has been informed that he has not complied with paragraph (a) of the first part of its Order; and that it has well-grounded fears that he may continue in that attitude. It specifically asks us to issue, on the basis of the above-mentioned stipulation and agreement, a decree enforcing its first part of its Order.

We issued the writ and, after it was served on respondent, the latter objected to the Board's petition. In his brief he alleges that the Board has no ground for requesting this Court to enforce its Order, and that the petition of the Board is improper, groundless, unnecessary and academic. In support of his contention the defendant alleges that the Board itself admits that he has fully complied with the second part of the Order and that it admits having no proof that he has violated paragraph (b) of the first part; that consequently, as to this paragraph, the petition is not only moot but also unnecessary; that the only violation charged in the Board's petition is that defendant has not ceased or desisted from:

(a) Violating the terms of the Collective Agreement which he has signed or might sign with the Agricultural Union No. 125 of Cayey, Puerto Rico, affiliated with the C.G.T. (CIO), or with any other labor organization of his employees."

---

[1] Hereinafter we shall refer to the Puerto Rico Labor Relations Board simply as the "Board."

[2] See § 9(2) (a) of Act No. 130 of May 8, 1945 (p. 406), as amended by Act No. 6 of March 7, 1946 (pp. 18, 40).

And that a careful examination of said allegation reveals, in his opinion, that the Board actually does not charge him with any violation at all.

█ █ We disagree. In the first place, on June 18, 1953, after a complaint was filed in the Board, the latter and the defendant signed a "Stipulation and Agreement" in which it is stated that "The parties appearing . . . waive their right to continue the hearing of this case, to the report of the examining officer, and to have the Board make the findings of fact and conclusions of law, as well as any further proceeding before the Board, in this case"; that "this Stipulation and Agreement, the amended third count and the complaint shall constitute the complete record of the case"; and that "on the basis of the complete record of this case and without need of any further notice, the parties agree that the Board immediately issue an order reading [among other things] as follows:

"The respondent Gilberto L. García, his officers, agents, successors and assignees, shall:

"1.—Cease and desist from:

"(a) Violating the terms of the Collective Agreement which he has signed or might sign with the Agricultural Union No. 125 of Cayey, Puerto Rico, affiliated with the C.G.T. (CIO), or with any other labor organization of his employees." [3]

And that "after the Board issues an order as agreed in this Stipulation and Agreement, the Board may appeal to the Supreme Court of Puerto Rico requesting this Court to issue a decree enforcing such order. Each of the parties, therefore, consents to the issuance of such Decree." (Italics ours.) Since defendant stipulated the above copied, he has no right to object now to the Board's petition for the enforcement of the decree rendered by it. National Labor Rel. Bd. v. Gerling F. Mfg. Co., 103 F. 2d 663.

---

[3] By subsequent stipulation, dated June 26, 1953, the parties agreed "that the new name adopted by the Union is Agricultural Union No. 125 of Cayey, Puerto Rico, affiliated with the Packinghouse Sugar Syndicate, (CIO)."

On the other hand, it constitutes no defense on the part of a respondent in a proceeding of this nature that he has not yet violated, either totally or partially, a decree issued by the Board. In *Labor Board* v. *Mexia Textile Mills*, 339 U. S. 563, 567, referring to an analogous petition, the United States Supreme Court stated:

"We think it plain from the cases that the employer's compliance with an order of the Board does not render the cause moot, depriving the Board of its opportunity to secure enforcement from an appropriate court,"

citing at footnote 4 a host of cases of the United States Supreme Court and other federal courts. See also *J. I. Case Co.* v. *Labor Board*, 321 U. S. 332; *National Labor Rel. Bd.* v. *Warren Co., Inc.*, 197 F. 2d 814; *National Labor Rel. Bd.* v. *Bradley Washfountain Co.*, 188 F. 2d 357; *National Labor Rel. Bd.* v. *United Brotherhood of Carpenters, etc.*, 184 F. 2d 60; *National Labor Rel. Bd.* v. *General Motors Corp.*, 179 F. 2d 221; *National Labor Rel. Bd.* v. *Sewell Mfg. Co.* 172 F. 2d 459; *National Labor Rel. Bd.* v. *Toledo Desk & Fixture Co.*, 158 F. 2d 426; *Independent Emp. Ass'n, etc.* v. *National Labor Rel. Bd.*, 158 F. 2d 448; *National Labor Rel. Bd.* v. *Pure Oil Co.*, 103 F. 2d 497.

The petition of the Board is sustained and judgment will be rendered enforcing the Order of the Board of July 15, 1953.