JUNTA DE RELACIONES DEL TRABAJO DE P. R., peticionaria, *v.* GILBERTO L. GARCÍA, demandado.

Número 45.

*Sometido:* 1 de junio de 1955. *Resuelto:* 28 de junio de 1955.

*Hon. Secretario de Justicia José Trías Monge, Aurelio Torres Braschi, Secretario de Justicia Auxiliar, y Ramón Acevedo Oliveras y Eduardo Álvarez de la Vega,* abogados de la peticionaria; *Antonio Figueroa Rivera,* abogado del demandado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Acude la Junta de Relaciones del Trabajo de Puerto Rico([1]) ante nos con una petición para que pongamos en vigor la orden por ella dictada con fecha 15 de julio de 1953, diri-

---

([1]) En lo sucesivo nos referiremos a la Junta de Relaciones del Trabajo de Puerto Rico simplemente como la "Junta".

gida al demandado, sus oficiales, agentes, sucesores y cesionarios.(²) Alega en su petición, en lo esencial, que ella dictó la referida orden con vista de una estipulación y acuerdo firmados por ella y el aquí demandado; que éste ha cumplido hasta la fecha con la segunda parte de la Orden, que describe en su petición; que aunque no tiene constancia alguna respecto a si el demandado ha cumplido o no con el inciso (b) de la primera parte de su Orden, sí tiene información al respecto de que él no ha cumplido con el inciso (a) de la primera parte de su Orden; y que tiene fundados temores de que pueda continuar en dicha actitud. Nos pide específicamente que, a base de la estipulación y acuerdo ya aludidos, dictemos un decreto poniendo en vigor la referida primera parte de su Orden.

Expedido por nosotros el auto correspondiente y notificado el mismo al querellado, éste se opone a lo solicitado por la Junta. En su alegato sostiene que la Junta no tiene fundamento alguno para pedirnos que pongamos en vigor su orden, y que su petición es improcedente, carente de base, innecesaria y académica. Al aducir tal contención el demandado alega que la propia Junta admite que él ha cumplido toda la segunda parte de la orden y que confiesa no tener constancia de que él haya infringido el inciso (b) de la primera parte; que, por consiguiente, en cuanto a este inciso la petición resulta no sólo ilusoria, sino además innecesaria; que donde únicamente la Junta imputa en su petición al demandado infracción alguna es cuando alega que él no ha cesado o desistido de:

"(a) Violar los términos del Convenio Colectivo que tenga firmado o que firme con la Unión Agrícola núm. 125 de Cayey, Puerto Rico, afiliada a la C.G.T. (CIO), o con cualquier otra organización obrera de sus empleados."

---

(²) Véase el art. 9 (2) (a) de la Ley núm. 130 de 8 de mayo de 1945 (pág. 407), según fué enmendada por la Ley núm. 6 de 7 de marzo de 1946 (págs. 19, 41).

Y que un detenido examen de dicha alegación, a juicio de él revela que la Junta en realidad no le imputa infracción alguna.

 No estamos de acuerdo. Tenemos en primer lugar que en 18 de junio de 1953, luego de radicarse una querella ante la Junta, ésta y el demandado suscribieron una "Estipulación y Acuerdo" en los cuales se hace constar que "Las partes comparecientes . . . renuncian a su derecho a que se continúe la audiencia en este caso, al informe del oficial examinador y a que la Junta haga conclusiones de hecho y derecho, así como cualquier otro procedimiento ulterior ante la Junta en este caso"; que "esta Estipulación y Acuerdo, el tercer cargo enmendado y la querella habrán de constituir el récord completo del caso"; y que "sobre el récord completo de este caso y sin necesidad de notificación ulterior alguna, las partes consienten en que la Junta emita inmediatamente una orden que lea [entre otras cosas] como sigue:

"El querellado Gilberto L. García, sus oficiales, agentes, sucesores y cesionarios, deberán:

"1.—Cesar y desistir de:

"(a) Violar los términos del convenio colectivo que tenga firmado o que firme con la Unión Agrícola núm. 125 de Cayey, Puerto Rico, Afiliada a la C.G.T. (CIO), o con cualquier otra organización obrera de sus empleados." [3]

Y que *después de ser emitida una orden por la Junta en la forma acordada en esta Estipulación y Acuerdo, la Junta podrá acudir al Tribunal Supremo de Puerto Rico con una petición para que este Tribunal emita un decreto poniendo en vigor dicha orden. Cada una de las partes, por lo tanto, al efecto consiente en la expedición de tal Decreto.*" (Bastardillas nuestras.) Habiendo el demandado estipulado lo arriba transcrito, él no tiene derecho a oponerse ahora a que la Junta

---

[3] Por estipulación posterior, fechada el 26 de junio de 1953, las partes acordaron "que el nuevo nombre adoptado por la Unión es Unión Agrícola núm. 125 de Cayey, Puerto Rico, Afiliada al Sindicato Azucarero Packinghouse, (CIO)."

acuda ante nos en solicitud de que pongamos en vigor el decreto por ella dictado. *National Labor Rel. Bd.* v. *Gerling F. Mfg. Co.*, 103 F.2d 663.

Por otra parte, no constituye defensa alguna de parte de un querellado en un procedimiento de esta naturaleza el hecho de que él no haya violado aún, total o parcialmente, un decreto dictado por la Junta. En *Labor Board* v. *Mexia Textile Mills*, 339 U. S. 563, 567, refiriéndose a una petición análoga a la que nos ocupa, el Tribunal Supremo de los Estados Unidos dijo:

"Creemos que de los casos que hemos examinado resulta paladino que el cumplimiento por un patrono con la orden de la Junta no hace que el caso resulte ilusorio, privándose así a la Junta de su oportunidad de lograr que un tribunal competente ponga la misma en vigor,"

citándose en el escolio número 4 innumerables casos del propio Tribunal Supremo y de otros tribunales federales. Véanse además *J. I. Case Co.* v. *Labor Board*, 321 U. S. 332; *National Labor Rel. Bd.* v. *Warren Co., Inc.*, 197 F.2d 814; *National Labor Rel. Bd.* v. *Bradley Washfountain Co.*, 188 F.2d 357; *National Labor Rel. Bd.* v. *United Brotherhood of Carpenters, etc.*, 184 F.2d 60; *National Labor Rel. Bd.* v. *General Motors Corp.*, 179 F.2d 221; *National Labor Rel. Bd.* v. *Sewell Mfg. Co.*, 172 F.2d 459; *National Labor Rel. Bd.* v. *Toledo Desk & Fixture Co.*, 158 F.2d 426; *Independent Emp. Ass'n. etc.* v. *National Labor Rel. Bd.*, 158 F.2d 448; *National Labor Rel. Bd.* v. *Pure Oil Co.*, 103 F.2d 497.

*Se declara con lugar la petición de la Junta y en su virtud se dictará sentencia poniendo en vigor la Orden por ella dictada en 15 de julio de 1953.*