**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COSMOPOLITAN STUDIOS, INC., Respondent.**

**No. 166, Docket 26416.**

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1961.

Decided June 9, 1961.

General Counsel and Solomon I. Hirsh, Attorney, Washington, D. C., on the brief), for petitioner.

Samuel Duker, New York City (Harry Nassberg, New York City, on the brief), for respondent.

Abramson & Lewis, New York City, for Blueprint, Photostat and Photo Employees Union, AFL-CIO, Local 24910, amicus curiae.

Before CLARK, MAGRUDER and MOORE, Circuit Judges.

MAGRUDER, Circuit Judge.

The National Labor Relations Board petitions for enforcement of its order dated May 18, 1960, directed against respondent Cosmopolitan Studios, Inc., its officers, agents, successors, and assigns.

The Board affirmed the findings of a trial examiner, with certain modifications which are not now necessary to state. It found that respondent had committed the unfair labor practice denounced in § 8(a) (5) of the Act, 29 U.S.C.A. § 158 (a) (5), in its refusal to sign an agreement with the Union dated April 20, 1959, negotiated with the Union by the Greater New York Association of Commercial Photographers, Inc., an association containing in its membership numerous employers, including respondent, at least until respondent attempted to withdraw from it.

It seems that at one time the Union requested respondent separately to negotiate a new contract, to take the place of the expiring contract between the Union and the Association. This request met with rebuff by respondent which, by letter dated January 20, 1959, reminded the Union that "we are members of the Greater New York Association of Commercial Photographers, Inc. and as such, participate in the industry-wide negotiations which are carried on by that Association and your local, and are bound by the results of such negotiations."

The Board found that respondent's attempted resignation from the Association on April 8, 1959 "did not relieve it of its duty to participate through the

Melvin J. Welles, Attorney, National Labor Relations Board, Washington, D. C. (Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst.

Association in bargaining with the Union, and that its refusal on and after April 8 to continue to participate in such bargaining and to sign and adhere to the contract executed by the Association on April 20" was an unfair labor practice. Respondent evidently did not like the agreement which was about to be concluded on its behalf between the Association and the Union, and it sought to shed its obligations by resigning from the Association.

It might be argued that both the Union and the employers recognized a right by an employer to withdraw from the Association, not only after negotiations had begun, but even up to the time a particular employer actually signed an agreement which had been negotiated on its behalf by the Association.

■ We need not determine the validity of this portion of the Board's order, for the reason that the written contract which the Board directed the company to sign expired by its own terms on March 1, 1961. Therefore this portion of the Board's order has become "moot."

There are cases which point out that there is no federal statute of limitations applicable to the Board's petition to a court for enforcement of its order. N. L. R. B. v. Pool Mfg. Co., 1950, 339 U.S. 577, 70 S.Ct. 830, 94 L.Ed. 1077; N. L. R. B. v. Todd Co., Inc., 2 Cir., 1949, 173 F.2d 705. That is all right in the usual case. The employer can seek review simply by complying with § 10(f) granting the right of judicial review to "[a]ny person aggrieved." 29 U.S.C.A. § 160(f).

It is true that the Supreme Court has in many cases upheld orders of a continuing nature, see, e. g., N. L. R. B. v. Jones & Laughlin Steel Corp., 1947, 331 U.S. 416, 67 S.Ct. 1274, 91 L.Ed. 1575, even though the specific illegal conduct has terminated. But the order here under review is not of that sort: the employer is merely ordered to sign the contract. We have no knowledge of the terms of the contract itself, which is not a part of the record. Time runs out on the Labor Board, as on other persons. It would be worse than futile if we would now order the company to sign the unknown terms of an agreement which has already expired.

We are not, however, happy about the situation in which Local 24910 finds itself as a result of the Board's order. There is no term in the order directing respondent to bargain collectively with the Union. Nor has there been any finding by the Board that a company-wide unit was appropriate for collective bargaining. We cannot make such a finding on this record, particularly in view of the fact that a multi-employer bargaining unit had theretofore been recognized as an appropriate unit for the purposes of collective bargaining.

■ But we do approve that portion of the Board's order based upon its finding that certain conduct by respondent constituted an unlawful interference denounced by § 8(a) (1) of the Act. Assuming that the employer had a right to withdraw from the Association, that does not imply that respondent was entitled to deal directly with its employees and to ignore the Union, which undoubtedly was the bargaining representative of the employees. Furthermore, while respondent's membership in the Association was still uncertain, respondent informed its employees, in answer to their questions, that if they left the Union they would receive a unilateral wage increase in excess of the scale provided for in the collective bargaining agreement negotiated by the Association, to compensate for moneys no longer paid to the pension-welfare fund. We think this conduct can properly be labeled promises and payments of benefits for rejection of a union in violation of § 8(a) (1) of the Act. N. L. R. B. v. Charles R. Krimm Lumber Co., 2 Cir., 1953, 203 F.2d 194; N. L. R. B. v. Pyne Molding Corp., 2 Cir., 1955, 226 F.2d 818.

Upon the whole we feel that we should make no decree of enforcement at the present time, but should remand the case to the Board with directions to the Board to consider an appropriate modification of its order not inconsistent with the terms of this opinion.

CLARK, Circuit Judge (concurring in the result).

While I am convinced that respondent had a right to withdraw from the Association at any time, this right did not justify respondent's actions in ignoring the employees' bargaining representative and in dealing directly with them. Accordingly, I would approve that portion of the Board's order which enjoins interference with the free choice of a bargaining representative, and would remand to the Board for consideration of additional relief permitting the Union to regain the status lost as a result of the refusal to bargain. But I do not object to the complete remand, since it will permit the Board to re-evaluate the situation in the light of present circumstances.