**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HECK'S, INC., d/b/a Heck's Discount Store, Respondent.**

**No. 16771.**

United States Court of Appeals
Sixth Circuit.

Nov. 29, 1966.

Marsha Swiss, N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Elliott Moore, Attorney, N. L. R. B., Washington, D. C., on brief, for petitioner.

Frederick F. Holroyd, Washington, D. C., George v. Gardner, Gardner, Gandal & Holroyd, Washington, D. C., on brief, for respondent.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has filed a petition for enforcement of its order reported at 150 N.L.R.B. 1565. Respondent was found to have violated Sections 8(a) (1) and 8(a) (3) of the Act, 29 U.S.C. § 158(a) (1) and (3), and was ordered to cease and desist from the unfair labor practices found and to take certain affirmative action, including the posting of the customary notices and reinstatement of employee Mrs. June Menshouse with backpay.

No attorney for respondent appeared before this court for the oral argument. Instead a copy of a letter from respondent to the Regional Director was presented, stating respondent's intention to post the required notices and to comply with the order of the Board. The Board continues to seek enforcement of its order, stating that a backpay obligation owing to Mrs. Menshouse remains unpaid and, although Mrs. Menshouse appears to be presently employed by the respondent, the Board has no way of determining at this time whether she has been restored permanently to her former position, pay and seniority rights.

Assuming that respondent has complied with the Board's order (a fact which is denied by the Board), it is well settled that compliance with the order is no defense against the entry of a decree of enforcement. The order of the Board imposes a continuing obligation, and the Board is entitled to have a resumption of the unfair labor practices barred by an enforcement decree. Abandonment of an unfair labor practice does not cause the proceeding to become moot. N. L. R. B. v. Mexia Textile Mills, Inc., 339 U.S. 563, 70 S.Ct. 833, 94 L.Ed. 1067; N. L. R. B. v. Toledo Desk & Fixture Co., 158 F.2d 426 (C.A.6).

We have reviewed the record and find the decision and order of the Board to be supported by substantial evidence.

Enforcement granted.