## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## FOURCO GLASS COMPANY, Rolland Division, Respondent.

### No. 80–1705.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1981.

Decided April 22, 1981.

---

**864**

David R. Marshall, Law Clerk, N. L. R. B. (William A. Lubbers, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Robert E. Allen, Acting Associate General Counsel, Elliott Moore, Deputy Associate General Counsel, Vivian A. Miller, Washington, D. C., on brief), for petitioner.

Robert B. Vining, Jr., Clayton, Mo., for respondent.

Before WIDENER and SPROUSE, Circuit Judges, and WILLIAMS*, District Judge.

SPROUSE, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its July 24, 1980 decision and order finding respondent Fourco Glass Company in violation of sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), 158(a)(5).

Fourco's Rolland Division manufactures glassware at its Clarksburg, West Virginia plant. Its employees have been represented by a union for thirty years. In July 1979 a collective bargaining agreement was in effect and was not due to expire until April 1, 1980. Under this agreement, between 25 and 50 of the 200 production employees participated in an incentive pay program.

Fourco in July 1979 unilaterally eliminated the incentive program and implemented a new wage plan which included a new hourly rate. It had met with union representatives on several occasions prior to that time seeking, without success, their approval of these changes. After appropriate proceedings, the Board found Fourco's unilateral decision an unfair labor practice and ordered it to reinstate the incentive program, post the customary Board notices, and compensate involved employees for lost wages.

Fourco and the union subsequently renegotiated their collective bargaining agreement, replacing the one that terminated on April 1, 1980. Fourco and the union agreed that the employees would be paid a lump sum for the untimely elimination of the incentive program as a complete and final settlement of the case sub judice. The union agreed to request the Board that the charge involved in this case be withdrawn.

██ Inasmuch as the issues underlying this controversy are moot, we deny enforcement. It is true a private settlement does not bar a Board-ordered remedy necessary to effectuate the purposes of the Act, *NLRB v. Threads, Inc.*, 308 F.2d 1 (4th Cir. 1962), that the cessation of unfair labor practices does not necessarily eliminate the need for court enforcement of a Board order, *NLRB v. Raytheon Co.*, 398 U.S. 25, 90

* Richard L. Williams, United States District Judge for the Eastern District of Virginia, sitting by designation.

S.Ct. 1547, 26 L.Ed.2d 21 (1970); *NLRB v. Mexia Textile Mills, Inc.,* 339 U.S. 653, 70 S.Ct. 826, 94 L.Ed. 1067 (1950), and that an order in such circumstances may be enforced to deter future misconduct. *NLRB v. Gissel Packing Co.,* 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). However, none of the policy reasons which suggested the need for enforcement in those cases are present here.

■ Fourco is undergoing the economic difficulty now being experienced by much of the glass industry, a difficulty unfortunately shared by its employees. Together they have resolved their difficulties in a manner which, obviously, they hope will advance their joint effort to remain economically viable. We do not suggest that a dispute settlement between a union and a financially-plagued company will always render a Board order moot. Nevertheless, although Fourco violated the Act in unilaterally terminating part of an existing wage agreement, its actions, under the discrete circumstances of this case, are not of the kind that require continued Board scrutiny.

*ENFORCEMENT DENIED.*