## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## HINEY PRINTING COMPANY, Respondent.

### Nos. 83–5172, 83–5420.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1984.

Decided May 10, 1984.

---

Elliott Moore, Deputy Associate Gen. Counsel, Carol A. De Deo, Mendelssohn V. McLean (argued), Washington, D.C., for petitioner.

Edward C. Kaminski (argued), Akron, Ohio, for respondent.

Before EDWARDS and JONES, Circuit Judges, and GIBSON, District Judge.*

PER CURIAM.

The sole issue in this case is presented by petitioner National Labor Relations Board's request for its enforcement of an order to post notices in the plant of its order finding that the company had violated § 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5), and that the union had committed no violations. The company's cross-appeal contends that there is no longer any dispute with the union since all issues have been agreed upon and that the posting of the notices would be destructive of company-union harmony rather than helpful.

The company relies in part on the union's agreement that notices do not need to be posted. The company also contends that the petitioner's order to post the notices should be denied because of mootness.

Our review of this record indicates that in fact, after many months of dispute, the parties are in agreement on the basic problems between them. Nonetheless, compliance has not been had with the Board's order to post notices of its decisions in these cases. The statute clearly calls for the posting of notices as a part of the enforcement procedure of the NLRB. NLRB is charged with serving the public interest to enforce labor relations rights which are public, not private rights. *NLRB v. Heck's, Inc.*, 369 F.2d 370 (6th Cir.1966). As the Board argues, the posting of notices serves two purposes: advising the employees that the NLRB has protected their rights, and preventing or deterring future violations.

We have noted the case relied upon by respondent Hiney Printing Company, *NLRB v. Fourco Glass Co.*, 646 F.2d 863 (4th Cir.1981), where the court denied enforcement of the Board's order holding that agreement between the parties on all issues had rendered the case moot. The opinion does not advise as to whether or not the Board's order was posted. If we assume that it was not, we respectfully disagree with the Fourth Circuit's conclusion.

Enforcement of the Board's order to post the required notices in this case is hereby granted.