851 F.2d 356
 128 L.R.R.M. (BNA) 3088
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
REEVES BROTHERS, INC., Respondent.
 No. 87-3836.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 5, 1988.
Decided: July 8, 1988.
 
 George B. Smith (Maria N. Sorolis, Constangy, Brooks & Smith, on brief), for respondent.
 Charles Donnelly, National Labor Relations Board; David M. Prouty (Rosemary M. Collyer, General Counsel; John E. Higgins, Jr., Deputy General Counsel; Robert E. Allen, Associate General Counsel; Aileen A. Armstrong, Deputy Associate General Counsel; Barbara A. Atkin, Supervisory Attorney, on brief), for petitioner.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The National Labor Relations Board seeks to enforce its order issued on January 13, 1986 against respondent Reeves Brothers, Inc. The issues involved in this action arose in the context of an Amalgamated Clothing and Textile Workers Union organizing campaign at Reeves Brothers' Cornelius, North Carolina plant. The campaign began in 1978. Specifically, the Board ordered Reeves Brothers to cease and desist in its unfair labor practices as well as mandating affirmative relief in the form of reinstatement and backpay for certain employees. Reeves Bros., 277 NLRB 1568 (1986). The Board now seeks enforcement of its order pursuant to 29 U.S.C. Sec. 160(e). We decline to enforce, and dismiss the petition as moot.
 
 
 2
 In the interim between the commencement of this action and the parties appearance here, Reeves Brothers has complied with the Board's order. The Board admits this in its opposition to the motion to dismiss. Additionally, the Union succeeded in its organizing campaign, was certified by the Board after a subsequent election and reached an agreement with Reeves Brothers in a collective bargaining agreement. The general counsel for the Union has joined with Reeves Brothers in seeking dismissal of this enforcement action. In its opposition to this motion, the Board refers only to other alleged and unresolved unfair labor practices on the part of Reeves Brothers that are the basis for another Board proceeding. Those alleged practices are not before us here.
 
 
 3
 As the underlying issues in this case are now moot, we decline to enforce the Board's order. NLRB v. Fourco Glass Co., 646 F.2d 863 (4th Cir.1981). We realize that compliance with an order does not always eliminate the need for enforcement of that order. NLRB v. Raytheon Co., 398 U.S. 25 (1970). However, the policy concerns present in Raytheon are absent here. The Union's successful subsequent campaign, along with its joining in this case in support of the company establish that "... there is no reasonable expectation that the wrong will be repeated." 398 U.S. at 27. Additionally, the Board is free to seek enforcement at a later date if this show of harmony between labor and management should prove short-lived.
 
 
 4
 PETITION DISMISSED AS MOOT.