993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
GERACE CONSTRUCTION COMPANY, INC., Respondent.
 No. 93-5160.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 
 1
 The National Labor Relations Board (the "Board") seeks summary enforcement of its decision and order, dated November 4, 1992, in Case No. 7-CA-32431, in which it found the respondent violated federal labor law and directed certain remedial steps be taken, including the reinstatement of two employees and their being made whole for lost earnings and other benefits suffered as a result of the unfair labor practices. The respondent, who did not file exceptions with the Board from the administrative law judge's decision giving rise to the Board's decision and order, does not contest the entry of enforcement. It requests, however, that such enforcement be delayed to give it time to resolve an apparent dispute over the amount of backpay due to the reinstated employees. It states it has complied with other provisions of the remedial order and "intends to comply with all aspects of the Board's order."
 
 
 2
 We conclude there is no reason to delay judgment of enforcement. The fact a respondent has complied in part or in whole with the Board's decision and order does not foreclose enforcement by this court. See NLRB v. Louisville Chair Co., 385 F.2d 922, 926 (6th Cir.1967), cert. denied, 390 U.S. 1013 (1968); NLRB v. Hecks, Inc., 369 F.2d 370, 371 (6th Cir.1966) (per curiam); NLRB v. Globe-Warnicke Systems Co., 336 F.2d 589, 590 (6th Cir.1964) (order granting summary enforcement). Any disputes arising as to the amount of backpay or other benefits to be paid to employees affected by the unfair labor practices are subject to further proceedings before the Board and need not be resolved before enforcement of the above decision and order.
 
 
 3
 It therefore is ORDERED that the motion to delay enforcement is denied and that the Board's application for summary enforcement is granted. The respondent, Gerace Construction Company, Inc., its officers, agents, successors, and assigns, shall:
 
 
 4
 (1) Cease and desist from:
 
 
 5
 (a) Laying off or otherwise discriminating against any employee for supporting International Union of Operating Engineers, Local 324, AFL-CIO (hereinafter called the Union), or any other union.
 
 
 6
 (b) Coercively interrogating any employee about supporting a union.
 
 
 7
 (c) Threatening employees with economic reprisals for supporting a union.
 
 
 8
 (d) Laying off employees without notifying the Union and giving it an opportunity to bargain over the decision and its effect.
 
 
 9
 (e) In any like or related manner restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 10
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 11
 (a) On request, bargain with the Union as the exclusive representative of the employees in the following appropriate unit concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:
 
 
 12
 All full-time and regular part-time mechanics employed by Gerace Construction Company, Inc., at its 4708 James Savage Road, Midland, Michigan facility, but excluding all other employees, office clerical employees, guards, and supervisors as defined in the Act.
 
 
 13
 (b) Offer Douglas Hopkins and Eric Johanson immediate and full reinstatement to their former full-time, year-round jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed, and make them whole for any loss of earnings and other benefits suffered as a result of the discrimination against them, in the manner set forth in the remedy section of the Administrative Law Judge's decision.
 
 
 14
 (c) Remove from its files any reference to the unlawful layoffs and notify the employees in writing that this has been done and that the layoffs will not be used against them in any way.
 
 
 15
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 16
 (e) Post at its facility in Midland, Michigan copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 17
 (f) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 18
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 19
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 20
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 21
 WE WILL NOT lay off or otherwise discriminate against any of you for supporting International Union of Operating Engineers, Local 324, AFL-CIO or any other union.
 
 
 22
 WE WILL NOT coercively question you about your union support.
 
 
 23
 WE WILL NOT threaten you with economic reprisals for supporting a union.
 
 
 24
 WE WILL NOT lay off employees without notifying the Union and giving it an opportunity to bargain over the decision and its effects.
 
 
 25
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 26
 WE WILL, on request, bargain with the Union and put in writing and sign any agreement reached on terms and conditions of employment for our employees in the bargaining unit:
 
 
 27
 All full-time and regular part-time mechanics employed by Gerace Construction Company, Inc. at its 4708 James Savage Road, Midland, Michigan facility, but excluding all other employees, office clerical employees, guards, and supervisors as defined in the Act.
 
 
 28
 WE WILL offer Douglas Hopkins and Eric Johanson immediate and full reinstatement to their former full-time, year-round jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed and WE WILL make them whole for any loss of earnings and other benefits resulting from their layoffs, less any net interim earnings, plus interest.
 
 
 29
 WE WILL notify each of them that we have removed from our files any reference to their layoffs and that the layoffs will not be used against them in any way.
 
 
 30
 GERACE CONSTRUCTION COMPANY, INC.
 
 
 31
 /s/ (Employer)
 
 Dated __________
 
 32
 By __________ (Representative) (Title).
 
 
 33
 This is an official notice and must not be defaced by anyone.
 
 
 34
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered with any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.