NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

REFRIGERATION SERVICE, INC., d/b/a R.S.I. Appliance Service, Respondent.

No. 00–2465.

United States Court of Appeals, Sixth Circuit.

March 27, 2001.

Before KEITH, ALAN E. NORRIS, and DAUGHTREY, Circuit Judges.

*JUDGMENT*

The National Labor Relations Board (the "Board") applies for summary enforcement of its August 2, 2000, decision and order in Case No. 7–CA–42161 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. Although the respondent appeared at the trial before the Administrative Law Judge (the "ALJ"), it did not file exceptions with the Board from the ALJ's decision. The Board applied to this court for summary enforcement of its decision and order on December 14, 2000. The respondent requested an extension of time in which to file a response, asserting it was engaged in settlement discussions with the Board. An extension for filing a response was granted until February 5, 2000, but respondent's counsel later informed the court that no response would be filed.* Under these circumstances, we conclude the Board is entitled to the relief sought. *See NLRB v. Tri–State Warehouse & Distributing, Inc.*, 677 F.2d 31 (6th Cir.1982)

---

* We note that even full compliance with the Board's decision and order would not fore-close enforcement of that decision and order by this court. *NLRB v. Mexia Textile Mills,*

(order) (in the absence of extraordinary circumstances, a Board decision and order is entitled to summary enforcement if no objections are filed with the Board); *NLRB v. Innkeepers of Ohio, Inc.*, 596 F.2d 177 (6th Cir.1979) (order).

It therefore is ORDERED that the Board's decision and order in Case No. 7–CA–42161 is hereby enforced. The respondent, Refrigeration Service, Inc., d/b/a R.S.I. Appliance Service, its officers, agents, successors and assigns, shall:

1. Cease and desist from:

(a) Unilaterally discontinuing pension plan contributions on behalf of the unit employees and refusing to meet and bargain with the union as the exclusive representative of those employees.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of their rights guaranteed in Section 7 of the National Labor Relations Act (the "Act").

2. Take the following affirmative action necessary to effectuate the policies of the Act:

(a) On request, bargain collectively with the union in good faith as the exclusive representative of all employees in the appropriate unit with respect to rates of pay, wages, hours, and other terms and conditions of employment and, if understanding are reached, embody the understandings in signed agreements.

(b) Restore the unit employees' coverage under the pension plan and make retroactive contributions under the plan in accordance with *Merryweather Optical Co.*, 240 N.L.R.B. 1213, 1216 (1979).

(c) Within 14 days after service by the Region, post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the respondent has gone out of business or closed the facility involved in these proceedings, the respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the respondent at any time since April 25, 1999.

(d) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the respondent has taken to comply with this judgment.

### APPENDIX

NOTICE TO EMPLOYEES POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United States Government

The National Labor Relations Board has found that we violated the National Labor

---

*Inc.*, 339 U.S. 563, 567, 70 S.Ct. 833, 94 L.Ed. 1067 (1950); *NLRB v. Edgar Spring, Inc.*, 800 F.2d 595, 598 (6th Cir.1986) (per curiam); *NLRB v. Louisville Chair Co.*, 385 F.2d 922, 926 (6th Cir.1967), *cert. denied*, 390 U.S. 1013, 88 S.Ct. 1264, 20 L.Ed.2d 163 (1968); *NLRB v. Heck's, Inc.*, 369 F.2d 370, 371 (6th Cir.1966) (per curiam); *NLRB v. Globe–Wernicke Systems Co.*, 336 F.2d 589, 590 (6th Cir.1964) (summary enforcement).

Relations Act and has ordered us to post and abide by this notice.

WE WILL NOT unilaterally discontinue pension plan contributions on behalf of unit employees, or refuse to meet and bargain collectively with Local Union 636, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL–CIO, in an appropriate bargaining unit. The unit is:

All residential appliance service and installation employees employed by us at and out of our Detroit, Michigan facility, excluding all office clerical employees, guards and supervisors as defined in the Act.

WE WILL NOT in any like or related manner, interfere with, restrain or coerce employees in the exercise of their rights guaranteed in Section 7 of the Act.

WE WILL, on request, bargain collectively with the Union in good faith as the exclusive representative of all employees in the aforesaid appropriate unit with respect to rates of pay, wages, hours and other terms and conditions of employment and, if understandings are reached, WE WILL embody the understandings in signed agreements.

WE WILL restore the unit employees' coverage under the pension plan and make retroactive contributions under the plan.

This is an official notice and must not be defaced by anyone.

This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced or covered with any other material. Any questions concerning this notice, or compliance with its provisions, may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226–2569, Telephone 313–226–3244.